1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10

TINYBUILD LLC, a Washington limited
liability company,

11

Plaintiff,

12

v.

13

NIVAL INTERNATIONAL LIMITED, a
Cypriot corporation,

14
15

Defendant.

16

NO.

**COMPLAINT FOR BREACH OF
CONTRACT, BREACH OF IMPLIED
COVENANT OF GOOD FAITH AND
FAIR DEALING, AND
DECLARATORY JUDGMENT**

17     Plaintiff tinyBuild LLC ("tinyBuild") complains and alleges as follows:

18                              **I.      PARTIES**

19     1.     tinyBuild is a Washington limited liability company that specializes in

20 independent video game development and publishing.  tinyBuild's sole member is a Delaware

21 corporation.

22     2.     NIVAL International Limited ("NIVAL") is a video game developer formed

23 under the laws of Cyprus.  tinyBuild is informed and believes, and on that basis alleges, that

24 NIVAL's principal place of business is Cyprus.

25 / / /

26 / / /

COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED
COVENANT OF GOOD FAITH AND FAIR DEALING, AND
DECLARATORY JUDGMENT - 1

GARVEY SCHUBERT BARER, P.C.
*eighteenth floor*
*1191 second avenue*
*seattle, washington  98101-2939*
*206 464 3939*

## II.    JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). This is a controversy between citizens of different states or nations, and the amount in controversy exceeds $75,000.

4.    NIVAL expressly consented that this Court has personal jurisdiction over it. The Court further has personal jurisdiction over NIVAL pursuant to RCW 4.28.185.

5.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III.    FACTS COMMON TO ALL CLAIMS

6.    On or about March 29, 2018, tinyBuild, NIVAL, and non-party Savvas Petras entered into a Development and Publishing Agreement (the "Agreement").

7.    Under the Agreement, Savvas Petras would design, and NIVAL would develop, a video game (the "Product") that tinyBuild would then publish.

8.    The Agreement includes a funding schedule tied to milestones whereby tinyBuild agreed to pay NIVAL funds in advance and in return NIVAL agreed to develop the Product through certain milestones.

9.    The Agreement allocates between the parties revenue earned from the Product after publication. However, under the Agreement, NIVAL is only entitled to royalties if it develops the Product past the Beta Milestone.

10.    The Agreement specifies that all intellectual property rights to the Product belong to tinyBuild.

11.    In the event of a breach, the parties agreed that tinyBuild may terminate the Agreement if the breach is not cured within 30 days of written notice.

12.    Per the Agreement's funding schedule, tinyBuild advanced NIVAL funds by July 1, 2018, so that NIVAL could reach the Alpha Milestone by November 1, 2018. Despite NIVAL accepting the funds in advance, NIVAL missed the Alpha Milestone deadline. NIVAL delivered the Alpha build of the Product over a month late in December 2018.

COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, AND DECLARATORY JUDGMENT - 2

GARVEY SCHUBERT BARER, P.C.
*eighteenth floor*
*1191 second avenue*
*seattle, washington 98101-2939*
*206 464 3939*

13. tinyBuild then promptly advanced NIVAL the agreed-to funds for NIVAL to further develop the Product through the Beta Milestone. Per the Agreement, NIVAL had until April 1, 2019 to reach the Beta Milestone.

14. After receiving the Beta advance, NIVAL refused to develop the Product further until tinyBuild provided additional funding. By holding tinyBuild's Product hostage, NIVAL defied the parties' funding and milestone schedule under the Agreement. tinyBuild asked NIVAL to provide information to substantiate the demand for additional funding in breach of the Agreement. The information NIVAL provided was vague and suggested that much of the money advanced by tinyBuild for the Alpha milestone was not used to develop the Product. When tinyBuild requested further information and explanation, NIVAL refused. Instead, NIVAL informed tinyBuild that it was stopping development of the Product.

15. At the same time, NIVAL informed Savvas Petras – the Product designer – that the project was ending. NIVAL then locked the designer out of NIVAL's systems, where he accessed and worked on the Product.

16. In response to NIVAL's shutdown of the development of the Product, on January 9, 2019, tinyBuild provided NIVAL notice of NIVAL's breach of the Agreement. The parties proceeded to negotiate a termination of the Agreement. NIVAL insisted, despite the fact that it never continued development of the Product past the Alpha Milestone – let alone the Beta Milestone – that it is entitled to royalties.

17. On February 27, 2019, in light of NIVAL's failure to cure, tinyBuild provided NIVAL notice of termination of the Agreement. tinyBuild demanded that NIVAL cease work and deliver all assets owned by tinyBuild, including source code within ten days. NIVAL acknowledged receipt of the notice but has refused to hand over the Product assets owned by tinyBuild, including source code. Each day NIVAL withholds Product assets from tinyBuild increases tinyBuild's losses.

COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, AND DECLARATORY JUDGMENT - 3

GARVEY SCHUBERT BARER, P.C.
*eighteenth floor*
*1191 second avenue*
*seattle, washington 98101-2939*
*206 464 3939*

1    18.    On March 29, 2019, despite the fact that NIVAL had informed tinyBuild that

2    NIVAL had stopped all work on the Product, despite the fact that NIVAL informed the

3    designer that the project had ended and blocked him from working on the Product for the past

4    three months, and despite the fact that NIVAL acknowledged receipt of tinyBuild's February

5    27, 2019 Notice of Termination of the Agreement, NIVAL claimed it reached the Beta

6    Milestone and demanded funding to further develop the Product.  tinyBuild rejected NIVAL's

7    claimed delivery of the Beta Milestone.

8    <center>IV.   **CAUSES OF ACTION**</center>

9    <center>**FIRST CAUSE OF ACTION – BREACH OF CONTRACT**</center>

10    19.    tinyBuild reincorporates the preceding paragraphs above as though fully set

11    forth herein.

12    20.    tinyBuild and NIVAL are parties to a valid existing contract to develop and

13    publish a video game.

14    21.    tinyBuild performed its obligations under the Agreement, including advancing

15    money to NIVAL to develop the Product through the Beta Milestone.

16    22.    NIVAL breached the Agreement by refusing and failing to develop the Product

17    and blocking the designer from access to the Product.

18    23.    NIVAL further breached the Agreement by refusing to deliver assets owned by

19    tinyBuild under the terms of the Agreement, including the Product source code.

20    24.    tinyBuild is entitled to damages against NIVAL in an amount to be proven at

21    trial.  tinyBuild is entitled to an award of reasonable attorney's fees and costs under the

22    Agreement.

23    <center>**SECOND CAUSE OF ACTION – BREACH OF IMPLIED COVENANT OF GOOD**</center>

24    <center>**FAITH AND FAIR DEALING**</center>

25    25.    tinyBuild reincorporates the preceding paragraphs above as though fully set

26    forth herein.

COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED
COVENANT OF GOOD FAITH AND FAIR DEALING, AND
DECLARATORY JUDGMENT - 4

GARVEY SCHUBERT BARER, P.C.
eighteenth floor
1191 second avenue
seattle, washington  98101-2939
206 464 3939

26.     The Agreement imposed a duty of good faith and fair dealing on NIVAL.

27.     NIVAL's actions as alleged herein breached the implied covenant of good faith and fair dealing.

28.     tinyBuild has been damaged in an amount to be proven at trial. tinyBuild is entitled to an award of reasonable attorney's fees and costs under the Agreement.

**THIRD CAUSE OF ACTION - DECLARATORY JUDGMENT**

29.     tinyBuild reincorporates the preceding paragraphs as though fully set forth herein.

30.     tinyBuild is entitled to judgment that it owns all rights in the Product, including the source code.

31.     The Agreement specifies that all intellectual product rights to the Product belong to tinyBuild.

32.     tinyBuild has requested NIVAL to return all assets that belong to tinyBuild, including Product source code. NIVAL has refused and continues to refuse to deliver the Product intellectual property to tinyBuild.

33.     tinyBuild is entitled to judgment that NIVAL has no rights to royalty payments under the terms of the Agreement.

34.     The Agreement specifies that tinyBuild may take control of the development of the Product if NIVAL stopped developing the Product. The Agreement further specifies that in the event tinyBuild takes over development of the Product that NIVAL may receive royalties only if it developed the Product past the Beta Milestone.

35.     NIVAL stopped developing the Product shortly after reaching the Alpha Milestone. NIVAL failed to cure its breach after notice from tinyBuild. tinyBuild therefore terminated the Agreement. At the time of termination, NIVAL had not submitted the Beta Milestone nor continued to develop the Product past the Beta Milestone. NIVAL is thus not entitled to royalties from the Product, despite its claims to the contrary.

COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED
COVENANT OF GOOD FAITH AND FAIR DEALING, AND
DECLARATORY JUDGMENT - 5

GARVEY SCHUBERT BARER, P.C.
*eighteenth floor*
*1191 second avenue*
*seattle, washington 98101-2939*
*206 464 3939*

1

## V.    REQUEST FOR RELIEF

2    Based on the above, the plaintiff tinyBuild requests the following relief:

3    1.    Judgment in favor of tinyBuild against NIVAL for all damages arising out of the

4    parties' contract(s) in an amount to be proven at trial.

5    2.    A declaratory judgment that tinyBuild owns all rights in the Product, including

6    the source code.

7    3.    A declaratory judgment that NIVAL has no right to royalty payments under the

8    parties' contract(s).

9    4.    For pre- and post-judgment interest at the rate provided by statute, contract, or

10    other applicable law.

11    5.    For attorneys' fees, costs, and expenses as provided by statute, contract, or other

12    applicable law.

13    6.    Such other relief deemed just and equitable.

14    DATED this 28th day of May, 2019.

15                          GARVEY SCHUBERT BARER, P.C.

16

17                    By  */s/ John Crosetto*
                          John Crosetto, WSBA #36667
18                        Attorneys for Plaintiff tinyBuild LLC

19

20

21    GSB:10206609.4 [19767.00100]

22

23

24

25

26

GARVEY SCHUBERT BARER, P.C.
*eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939*