(Τύπος J. 175.)

## ΠΡΩΤΟΚΟΛΛΗΤΕΙΟ     Αγωγή Αρ.

### Λ/σίας

### Αρ. 5—ΕΝΟΡΚΗ ΔΗΛΩΣΗ ΕΠΙΔΟΣΗΣ (Δ. 5, Κ. 2)

Εγώ, **ο Γιαννάκης Γ. Βαλανίδης, Ιδιώτης Επιδότης, εκ Λεμεσού** ορκίζομαι και λέγω ότι επέδωσα επίσημο αντίγραφο της επιστολής εις αγγλικά ημερ. 06/03/19 ~~στην Αγωγή με Αριθμό~~ ~~του Πρωτοκολλητείου~~ στη (α) Π. Γερμασόγειας την 19/06/2019 , αφήνοντάς το στο εγγεγραμμένο γραφείο εις την οδό Παναγιώτη Τσαγγάρη 30, FLOOR 1, FLAT 1  4042 Λεμεσός

έναντι της υπογραφής του στον     (β) ILYA YAKIMOV

από Π. Γερμασόγειας

(γ) ή για την εταιρεία NIVAL INTERNATIONAL LIMITED

~~τον οποίο δεν βρήκα στο σπίτι του ή στο συνηθισμένο τόπο εργασίας του,~~

ο πιο πάνω ILYA YAKIMOV

(δ) είναι διευθυντής και εργαζόμενος της πιο πάνω εταιρείας NIVAL INTERNATIONAL LIMITED

Αντίγραφο του εγγράφου/εγγράφων που επιδόθηκαν επισυνάπτεται στην παρούσα σαν τεκμήριο και σημειώνεται "Α".

**Γιαννάκης Γ. Βαλανίδης**
**Ιδιώτης Επιδότης**

(Υπογραφή) ........................

Υπόγραψε και ορκίστηκε ενώπιόν μου στη **Λεμεσό** την 20/06/2019.

........................
Πρωτοκολλητής

---

(α)   Πόλη ή χωριό που γίνεται η επίδοση.

(β)   Διαγράψετε τη λέξη "Εναγόμενος" εάν δεν εφαρμόζεται.

(γ)   Διαγράψετε μέχρι το τέλος, εάν δεν εφαρμόζεται.

(δ)   Δηλώσετε την σχέση του με τον Εναγόμενο για τον οποίο αφήσετε το κλητήριο.

ΣΗΜ.—Η ένορκη Δήλωση επίδοσης πρέπει να γίνει μέσα σε 7 ημέρες από την επίδοση.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District of Washington

| | |
|---|---|
| TINYBUILD LLC, a Washington limited liability company, <br><br> *Plaintiff(s)* <br> v. <br><br> NIVAL INTERNATIONAL LIMITED, a Cypriot corporation, <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 2:19-cv-00805-TSZ |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  NIVAL INTERNATIONAL LIMITED, a Cypriot corporation
NIVAL International, Ltd.
30 Panagioti Tsangari, Office 1
Limassol, 4041, Cyprus

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   John B. Crosetto
Garvey Schubert Barer, P.C.
1191 2nd AVE., STE 1800
Seattle, WA 98101

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 6/3/2019

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TINYBUILD LLC, a Washington limited liability company, | NO. |
| Plaintiff, | **COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, AND DECLARATORY JUDGMENT** |
| v. | |
| NIVAL INTERNATIONAL LIMITED, a Cypriot corporation, | |
| Defendant. | |

Plaintiff tinyBuild LLC ("tinyBuild") complains and alleges as follows:

## I. PARTIES

1. tinyBuild is a Washington limited liability company that specializes in independent video game development and publishing. tinyBuild's sole member is a Delaware corporation.

2. NIVAL International Limited ("NIVAL") is a video game developer formed under the laws of Cyprus. tinyBuild is informed and believes, and on that basis alleges, that NIVAL's principal place of business is Cyprus.

///

///

CERTIFIED TRUE COPY
ATTEST: WILLIAM M. McCOOL
Clerk, U.S. District Court
Western District of Washington
By _____
Deputy Clerk

COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED
COVENANT OF GOOD FAITH AND FAIR DEALING, AND
DECLARATORY JUDGMENT - 1

GARVEY SCHUBERT BARER, P.C.
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). This is a controversy between citizens of different states or nations, and the amount in controversy exceeds $75,000.

4. NIVAL expressly consented that this Court has personal jurisdiction over it. The Court further has personal jurisdiction over NIVAL pursuant to RCW 4.28.185.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III. FACTS COMMON TO ALL CLAIMS

6. On or about March 29, 2018, tinyBuild, NIVAL, and non-party Savvas Petras entered into a Development and Publishing Agreement (the "Agreement").

7. Under the Agreement, Savvas Petras would design, and NIVAL would develop, a video game (the "Product") that tinyBuild would then publish.

8. The Agreement includes a funding schedule tied to milestones whereby tinyBuild agreed to pay NIVAL funds in advance and in return NIVAL agreed to develop the Product through certain milestones.

9. The Agreement allocates between the parties revenue earned from the Product after publication. However, under the Agreement, NIVAL is only entitled to royalties if it develops the Product past the Beta Milestone.

10. The Agreement specifies that all intellectual property rights to the Product belong to tinyBuild.

11. In the event of a breach, the parties agreed that tinyBuild may terminate the Agreement if the breach is not cured within 30 days of written notice.

12. Per the Agreement's funding schedule, tinyBuild advanced NIVAL funds by July 1, 2018, so that NIVAL could reach the Alpha Milestone by November 1, 2018. Despite NIVAL accepting the funds in advance, NIVAL missed the Alpha Milestone deadline. NIVAL delivered the Alpha build of the Product over a month late in December 2018.

COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED
COVENANT OF GOOD FAITH AND FAIR DEALING, AND
DECLARATORY JUDGMENT - 2

GARVEY SCHUBERT BARER, P.C.
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

13. tinyBuild then promptly advanced NIVAL the agreed-to funds for NIVAL to further develop the Product through the Beta Milestone. Per the Agreement, NIVAL had until April 1, 2019 to reach the Beta Milestone.

14. After receiving the Beta advance, NIVAL refused to develop the Product further until tinyBuild provided additional funding. By holding tinyBuild's Product hostage, NIVAL defied the parties' funding and milestone schedule under the Agreement. tinyBuild asked NIVAL to provide information to substantiate the demand for additional funding in breach of the Agreement. The information NIVAL provided was vague and suggested that much of the money advanced by tinyBuild for the Alpha milestone was not used to develop the Product. When tinyBuild requested further information and explanation, NIVAL refused. Instead, NIVAL informed tinyBuild that it was stopping development of the Product.

15. At the same time, NIVAL informed Savvas Petras – the Product designer – that the project was ending. NIVAL then locked the designer out of NIVAL's systems, where he accessed and worked on the Product.

16. In response to NIVAL's shutdown of the development of the Product, on January 9, 2019, tinyBuild provided NIVAL notice of NIVAL's breach of the Agreement. The parties proceeded to negotiate a termination of the Agreement. NIVAL insisted, despite the fact that it never continued development of the Product past the Alpha Milestone – let alone the Beta Milestone – that it is entitled to royalties.

17. On February 27, 2019, in light of NIVAL's failure to cure, tinyBuild provided NIVAL notice of termination of the Agreement. tinyBuild demanded that NIVAL cease work and deliver all assets owned by tinyBuild, including source code within ten days. NIVAL acknowledged receipt of the notice but has refused to hand over the Product assets owned by tinyBuild, including source code. Each day NIVAL withholds Product assets from tinyBuild increases tinyBuild's losses.

COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED
COVENANT OF GOOD FAITH AND FAIR DEALING, AND
DECLARATORY JUDGMENT - 3

GARVEY SCHUBERT BARER, P.C.
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

18. On March 29, 2019, despite the fact that NIVAL had informed tinyBuild that NIVAL had stopped all work on the Product, despite the fact that NIVAL informed the designer that the project had ended and blocked him from working on the Product for the past three months, and despite the fact that NIVAL acknowledged receipt of tinyBuild's February 27, 2019 Notice of Termination of the Agreement, NIVAL claimed it reached the Beta Milestone and demanded funding to further develop the Product. tinyBuild rejected NIVAL's claimed delivery of the Beta Milestone.

### IV. CAUSES OF ACTION

#### FIRST CAUSE OF ACTION – BREACH OF CONTRACT

19. tinyBuild reincorporates the preceding paragraphs above as though fully set forth herein.

20. tinyBuild and NIVAL are parties to a valid existing contract to develop and publish a video game.

21. tinyBuild performed its obligations under the Agreement, including advancing money to NIVAL to develop the Product through the Beta Milestone.

22. NIVAL breached the Agreement by refusing and failing to develop the Product and blocking the designer from access to the Product.

23. NIVAL further breached the Agreement by refusing to deliver assets owned by tinyBuild under the terms of the Agreement, including the Product source code.

24. tinyBuild is entitled to damages against NIVAL in an amount to be proven at trial. tinyBuild is entitled to an award of reasonable attorney's fees and costs under the Agreement.

#### SECOND CAUSE OF ACTION – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

25. tinyBuild reincorporates the preceding paragraphs above as though fully set forth herein.

COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, AND DECLARATORY JUDGMENT - 4

GARVEY SCHUBERT BARER, P.C.
eighteenth floor
1191 second avenue
seattle, washington  98101-2939
206 464 3939

26. The Agreement imposed a duty of good faith and fair dealing on NIVAL.

27. NIVAL's actions as alleged herein breached the implied covenant of good faith and fair dealing.

28. tinyBuild has been damaged in an amount to be proven at trial. tinyBuild is entitled to an award of reasonable attorney's fees and costs under the Agreement.

**THIRD CAUSE OF ACTION - DECLARATORY JUDGMENT**

29. tinyBuild reincorporates the preceding paragraphs as though fully set forth herein.

30. tinyBuild is entitled to judgment that it owns all rights in the Product, including the source code.

31. The Agreement specifies that all intellectual product rights to the Product belong to tinyBuild.

32. tinyBuild has requested NIVAL to return all assets that belong to tinyBuild, including Product source code. NIVAL has refused and continues to refuse to deliver the Product intellectual property to tinyBuild.

33. tinyBuild is entitled to judgment that NIVAL has no rights to royalty payments under the terms of the Agreement.

34. The Agreement specifies that tinyBuild may take control of the development of the Product if NIVAL stopped developing the Product. The Agreement further specifies that in the event tinyBuild takes over development of the Product that NIVAL may receive royalties only if it developed the Product past the Beta Milestone.

35. NIVAL stopped developing the Product shortly after reaching the Alpha Milestone. NIVAL failed to cure its breach after notice from tinyBuild. tinyBuild therefore terminated the Agreement. At the time of termination, NIVAL had not submitted the Beta Milestone nor continued to develop the Product past the Beta Milestone. NIVAL is thus not entitled to royalties from the Product, despite its claims to the contrary.

COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED
COVENANT OF GOOD FAITH AND FAIR DEALING, AND
DECLARATORY JUDGMENT - 5

GARVEY SCHUBERT BARER, P.C.
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

## V. REQUEST FOR RELIEF

Based on the above, the plaintiff tinyBuild requests the following relief:

1. Judgment in favor of tinyBuild against NIVAL for all damages arising out of the parties' contract(s) in an amount to be proven at trial.

2. A declaratory judgment that tinyBuild owns all rights in the Product, including the source code.

3. A declaratory judgment that NIVAL has no right to royalty payments under the parties' contract(s).

4. For pre- and post-judgment interest at the rate provided by statute, contract, or other applicable law.

5. For attorneys' fees, costs, and expenses as provided by statute, contract, or other applicable law.

6. Such other relief deemed just and equitable.

DATED this 28th day of May, 2019.

GARVEY SCHUBERT BARER, P.C.

By /s/ John Crosetto
John Crosetto, WSBA #36667
Attorneys for Plaintiff tinyBuild LLC

GSB:10206609.4 [19767.00100]

COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, AND DECLARATORY JUDGMENT - 6

GARVEY SCHUBERT BARER, P.C.
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

Case 2:19-cv-00805   Document 2   Filed 05/28/19   Page 1 of 2

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
TinyBuild LLC, a Washington Limited Liability Company

**(b)** County of Residence of First Listed Plaintiff: King
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John B. Crosetto
Garvey Schubert Barer, P.C.
1191 2nd Ave., Ste. 1800, Seattle, WA 98101  206-464-3939

## DEFENDANTS
Nival International Limited, a Cypriot Corporation

County of Residence of First Listed Defendant: Cyprus
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
Breach of Contract and Declaratory Judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 05/28/2019
SIGNATURE OF ATTORNEY OF RECORD: /s/ John B. Crosetto

**FOR OFFICE USE ONLY**
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

JS 44 Reverse (Rev. 02/19)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7. Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

1  JOHN CROSETTO, WSBA # 36667
   Garvey Schubert Barer, P.C.
2  Eighteenth Floor
   1191 Second Avenue
3  Seattle, Washington 98101-2939
   Ph: 206 464 3939
4
   *Attorneys for Plaintiff*
5

6

7

8           UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
9                     AT SEATTLE

10

11 TINYBUILD LLC, a Washington limited
   liability company,                        NO. 2:19-cv-00805
12
              Plaintiff,                     TINYBUILD LLC'S CORPORATE
                                             DISCLOSURE STATEMENT
13      v.

14 NIVAL INTERNATIONAL LIMITED, a
   Cypriot corporation,
15
              Defendant.
16

17      Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and LCR 7.1, Plaintiff

18 tinyBuild LLC, a non-governmental corporate party, certifies that it is not a publicly owned

19 corporation, that its sole member is tinyBuild Inc. (a Delaware corporation), and that Hong

20 Kong NetEase Interactive Entertainment Limited, whose parent is NetEase, Inc. (a public

21 company), owns more than 10% of tinyBuild Inc.'s stock.

22      DATED this 29th day of May, 2019.

23

24

25

26

TINYBUILD LLC'S CORPORATE DISCLOSURES- 1

GARVEY SCHUBERT BARER, P.C.
*eighteenth floor
1191 second avenue
seattle washington 98101-2939
206 464 3939*

|  |  |
|---|---|
| 1 | GARVEY SCHUBERT BARER, P.C. |
| 2 |  |
| 3 | By /s/ John Crosetto |
|   | John Crosetto, WSBA #36667 |
| 4 | Attorneys for Plaintiff tinyBuild LLC |
| 5 | GSB:10307631.1 [19767.00700] |

TINYBUILD LLC'S CORPORATE DISCLOSURES- 2

GARVEY SCHUBERT BARER, P.C.
eighteenth floor
1191 second avenue
seattle. washington 98101-2939
206 464 3939

JOHN CROSETTO, WSBA # 36667  
Garvey Schubert Barer, P.C.  
Eighteenth Floor  
1191 Second Avenue  
Seattle, Washington  98101-2939  
Ph: 206 464 3939

*Attorneys for Plaintiff*

Judge Thomas S. Zilly

UNITED STATES DISTRICT COURT  
WESTERN DISTRICT OF WASHINGTON  
AT SEATTLE

| | |
|---|---|
| TINYBUILD LLC, a Washington limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> NIVAL INTERNATIONAL LIMITED, a Cypriot corporation, <br><br> Defendant. | NO. 2:19-cv-00805 <br><br> AMENDED <br><br> TINYBUILD LLC'S CORPORATE DISCLOSURE STATEMENT |

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and LCR 7.1, Plaintiff tinyBuild LLC, a non-governmental corporate party, certifies that it is not a publicly owned corporation, that its sole member is tinyBuild Inc. (a Delaware corporation), and that Hong Kong NetEase Interactive Entertainment Limited, whose parent is NetEase, Inc. (a public company), owns more than 10% of tinyBuild Inc.'s stock.

DATED this 31st day of May, 2019.

TINYBUILD LLC'S CORPORATE DISCLOSURES- 1

GARVEY SCHUBERT BARER, P.C.  
*eighteenth floor*  
*1191 second avenue*  
*seattle, washington 98101-2939*  
206 464 3939

GARVEY SCHUBERT BARER, P.C.

By  */s/ John Crosetto*
John Crosetto, WSBA #36667
Attorneys for Plaintiff tinyBuild LLC

GSB:10307631.1 [19767.00700]

TINYBUILD LLC'S CORPORATE DISCLOSURES- 2

GARVEY SCHUBERT BARER, P.C.
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

JOHN CROSETTO, WSBA # 36667  Judge Thomas S. Zilly
Garvey Schubert Barer, P.C.
Eighteenth Floor
1191 Second Avenue
Seattle, Washington 98101-2939
Ph: 206 464 3939

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TINYBUILD LLC, a Washington limited liability company, | NO. 2:19-cv-00805 |
| Plaintiff, | **JURY DEMAND** |
| v. | |
| NIVAL INTERNATIONAL LIMITED, a Cypriot corporation, | |
| Defendant. | |

Plaintiff tinyBuild LLC hereby demands that the above-entitled action be tried to a jury.

DATED this 3rd day of June, 2019.

GARVEY SCHUBERT BARER, P.C.

By */s/ John Crosetto*
John Crosetto, WSBA #36667
Attorneys for Plaintiff tinyBuild LLC

LAW OFFICES
GARVEY, SCHUBERT & BARER, P.C.
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
EIGHTEENTH FLOOR
1191 SECOND AVENUE
SEATTLE, WASHINGTON 98101-2939
(206) 464-3939

JURY DEMAND - 1

GSB:10318581.1