THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| tinyBuild LLC, | Case No.: 19-cv-00805-TSZ |
|---|---|
| Plaintiff, | NIVAL INTERNATIONAL LIMITED'S ANSWER TO COMPLAINT AND COUNTERCLAIMS |
| v. | |
| NIVAL INTERNATIONAL LIMITED | (JURY TRIAL DEMANDED) |
| Defendant. | |

## NIVAL INTERNATIONAL LIMITED'S

## ANSWER TO COMPLAINT AND COUNTERCLAIMS

Defendant, NIVAL INTERNATIONAL LIMITED ("NIVAL") for it answer to the Plaintiff's Complaint, answers as follows:

### I.     PARTIES

1.     NIVAL admits that tinyBuild LCC ("tinyBuild") is a Washington Limited Liability Company.  NIVAL lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations and thus denies them.

2.     Admitted.

### II.     JURISDICTION AND VENUE

3.     Admitted.

ANSWER AND COUNTERCLAIM
Case No. 19-CV-805-TSZ

1

Mann Law Group PLLC
107 Spring St.
Seattle, WA  98104
Phone:  206.436.8500

4. Defendant admits that it consented to the Court's jurisdiction for the express and limited purposes of the Agreement and any controversy arising out of the Agreement and denies that the Court has any jurisdiction over Defendant otherwise. The remainder of the allegation sets forth legal conclusions and questions of law to which no response is required. Inasmuch as a response is required, Defendant denies the allegation.

5. Admitted.

### III.   FACTS COMMON TO ALL CLAIMS

6. Admitted.

7. No response to the allegations of this paragraph is necessary as the referenced document speaks for itself. Notwithstanding the foregoing, to the extent a response is deemed necessary, Defendant denies the allegation.

8. No response to the allegations of this paragraph is necessary as the referenced document speaks for itself. Notwithstanding the foregoing, to the extent a response is deemed necessary, Defendant denies the allegation.

9. No response to the allegations of this paragraph is necessary as the referenced document speaks for itself. Notwithstanding the foregoing, to the extent a response is deemed necessary, Defendant denies the allegation.

10. No response to the allegations of this paragraph is necessary as the referenced document speaks for itself. Notwithstanding the foregoing, to the extent a response is deemed necessary, Defendant denies the allegation.

11. No response to the allegations of this paragraph is necessary as the referenced document speaks for itself. Notwithstanding the foregoing, to the extent a response is deemed necessary, Defendant denies the allegation. Answering further, the Agreement requires that if tinyBuild believes NIVAL is in breach, tinyBuild must deliver a notice of breach by fax and mail to NIVAL's Cyprus address, which tinyBuild failed to do.

ANSWER AND COUNTERCLAIM
Case No. 19-CV-805-TSZ

2

Mann Law Group PLLC
107 Spring St.
Seattle, WA  98104
Phone:  206.436.8500

12. No response to the allegations of this paragraph is necessary as the referenced document speaks for itself. Notwithstanding the foregoing, to the extent a response is deemed necessary, Defendant denies the allegation.

13. Defendant denies the characterizations in the allegation and specifically denies that funds were "promptly advanced" but admits that tinyBuild advanced funds to NIVAL to develop the Beta milestone. As for the rest of the allegations, no response is necessary as the referenced document speaks for itself, to the extent a response is deemed necessary, Defendant denies the allegation.

14. Denied.

15. Denied.

16. Denied. Answering further, tinyBuild failed to provide notice of a breach under the Agreement because it (i) failed to specify reasonable details of any deficiency as required under the Agreement and (ii) failed to comply with the Notice Provision of the Agreement. In fact, tinyBuild accepted NIVAL's delivery of the Alpha stage milestone and NIVAL delivered the Beta stage milestone ahead of schedule.

17. Denied. Answering further, tinyBuild (i) failed to specify reasonable details of any deficiency as required under the Agreement and (ii) failed to comply with the Notice Provision of the Agreement.

18. Admitted that on March 29, 2019 NIVAL delivered the Beta stage milestone to tinyBuild and that NIVAL also requested the final payment due to it under the Agreement. Admitted that tinyBuild rejected NIVAL's March 29, 2019 delivery of the Beta stage milestone. NIVAL denies the remainder of the allegations. Answering further, the Beta stage milestone complied with all requirements under the Agreement and tinyBuild did not to allege

ANSWER AND COUNTERCLAIM
Case No. 19-CV-805-TSZ

3

Mann Law Group PLLC
107 Spring St.
Seattle, WA 98104
Phone: 206.436.8500

noncompliance of the Beta stage milestone itself.  Therefore, pursuant to the terms of the Agreement tinyBuild accepted the Beta stage deliverables.

## IV.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT

19.   NIVAL realleges and incorporates each and every statement above as though fully set forth herein.

20.   Admitted.

21.   Denied.

22.   Denied.

23.   Denied.

24.   Denied.

### SECOND CAUSE OF ACTION – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

25.   NIVAL realleges and incorporates each and every statement above as though fully set forth herein.

26.   This paragraph sets forth legal conclusions and questions of law to which no response is required.  Inasmuch as a response is required, Defendant denies the allegations.

27.   Denied.

28.   Denied.

### THIRD CAUSE OF ACTION – DECLARATORY JUDGMENT

29.   NIVAL realleges and incorporates each and every statement above as though fully set forth herein.

30.   Denied.

ANSWER AND COUNTERCLAIM
Case No. 19-CV-805-TSZ

4

Mann Law Group PLLC
107 Spring St.
Seattle, WA  98104
Phone:  206.436.8500

31. No response to the allegations of this paragraph is necessary as the referenced document speaks for itself. Notwithstanding the foregoing, to the extent a response is deemed necessary, Defendant denies the allegation.

32. Denied.

33. Denied.

34. No response to the allegations of this paragraph is necessary as the referenced document speaks for itself. Notwithstanding the foregoing, to the extent a response is deemed necessary, Defendant denies the allegations.

35. Denied.

## GENERAL DENIAL

Each and every allegation of the Complaint not specifically admitted is hereby denied.

## AFFIRMATIVE DEFENSES

1. The Claims fail to state a claim upon which relief can be granted.

2. Plaintiff is barred from equitable recovery inasmuch as it has unclean hands.

3. The Claims are barred, in whole or in part, by lack of scienter.

4. The Claims are barred, in whole or in part, because any damages to Plaintiff were not the proximate result of Defendant's actions or omissions.

5. The Claims are barred, in whole or in part, because Plaintiff has suffered no compensable injury.

6. Plaintiff cannot recover damages from Defendant to the extent that damages alleged are speculative or uncertain.

7. Plaintiff cannot recover damages from Defendant to the extent that Plaintiff failed to mitigate its alleged damages.

8. Defendant's actions and omissions were lawful, justified and privileged.

ANSWER AND COUNTERCLAIM
Case No. 19-CV-805-TSZ
5

Mann Law Group PLLC
107 Spring St.
Seattle, WA  98104
Phone:  206.436.8500

9. Plaintiff is not entitled to an award of attorneys' fees, interests or costs in the absence of a statute or law authorizing such.

10. To the extent that Plaintiff has any legitimate claims, which Defendant denies, such claims would only serve as a set-off against Defendant's claims.

11. The Claims are barred, in whole or in part, by accord and satisfaction.

12. The Claims are barred, in whole or in part, by breach of contract by Plaintiff.

13. The Claims are barred, in whole or in part, by failure to satisfy condition precedent.

14. Defendant reserves the right to raise additional defenses. Defendant has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during the course of litigation. Defendant further reserves its rights to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of litigation.

**DEFENDANT DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

**WHEREFORE**, Defendant prays for the following relief:

1. That Plaintiff takes nothing by way of its Claims, that the Claims be dismissed with prejudice and that judgment be rendered in favor of Defendant;

2. That Defendant be awarded its costs and fees, including reasonable attorneys' fees incurred herein, as permitted by law; and

3. Such other and further relief as the Court deems just and proper.

ANSWER AND COUNTERCLAIM
Case No. 19-CV-805-TSZ
6

Mann Law Group PLLC
107 Spring St.
Seattle, WA 98104
Phone: 206.436.8500

# DEFENDANT NIVAL INTERNATIONAL LIMITED'S COUNTERCLAIMS AGAINST PLAINTIFF TINYBUILD LLC

Defendant and Plaintiff-in-Counterclaim NIVAL INTERNATIONAL LIMITED ("NIVAL") makes the following Counterclaims for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing against Plaintiff and Defendant-in-Counterclaim tinyBuild LLC ("tinyBuild").

## PARTIES

1. Defendant/Plaintiff in Counterclaim NIVAL (or "Counterclaim Plaintiff") is a limited company incorporated in, and with a principle place of business in, the Republic of Cyprus.

2. Plaintiff/Defendant in Counterclaim tinyBuild (or "Counterclaim Defendant") is a Limited Liability Company registered in Washington, that, upon information and belief, has a principle place of business in Washington.

## FACTS

3. NIVAL is an established video game developer that specializes in developing strategy video games for computers and other platforms. NIVAL has been developing video games for more than twenty years.

4. tinyBuild is a video game publisher, who, upon information and belief, specialized in publishing independent computer and console video games.

5. On March 29, 2018, NIVAL and tinyBuild entered into a contract to develop, publish, and market a video game (the "Game"), and as to the contract, the "Agreement", a copy of which is attached hereto as <u>Exhibit 1</u>).

6. Pursuant to the Agreement, tinyBuild was obligated to make payments to NIVAL for NIVAL to complete various milestones in developing

ANSWER AND COUNTERCLAIM
Case No. 19-CV-805-TSZ

7

Mann Law Group pllc
107 Spring St.
Seattle, WA 98104
Phone: 206.436.8500

the Game. The due date and the pay date for these milestones are listed in Exhibit A of the Agreement.

7. Pursuant to Section 15(b) of the Agreement, all notices and other items from one party to the other must be sent by facsimile and mail to an address specified in the Agreement, which for NIVAL is NIVAL's office in Limassol, Cyprus.

8. The Agreement does not allow for notices to be sent via email.

9. Section 5.3 of the Agreement provides that after NIVAL delivers one of the development milestones, tinyBuild has thirty calendar days to determine if the milestone is acceptable.

10. If tinyBuild deems NIVAL's work to be unacceptable, Section 5.3 of the Agreement requires tinyBuild to provide written notice to NIVAL within 30 days containing a detailed list of its alleged deficiencies.

11. Pursuant to Section 5.3, if tinyBuild fails to provide written notice detailing the alleged deficiencies in the milestone, tinyBuild is deemed to have accepted NIVAL's delivery of that milestone.

12. According to Section 14(b) of the Agreement, a party to the Agreement must first give a written notice of breach to an allegedly breaching party in order to terminate the Agreement.

13. Section 14(b) of the Agreement also provides that the allegedly breaching party has thirty days after receiving a notice of a material breach to cure the breach. If the breach is not cured within thirty days of receiving written notice, the non-breaching party may terminate the Agreement.

14. At no time did NIVAL receive from tinyBuild, nor did tinyBuild send to NIVAL, notice that tinyBuild rejected, or objected to, any of NIVAL's deliverables pursuant to Sections 5.3 and 15(b) of the Agreement.

ANSWER AND COUNTERCLAIM
Case No. 19-CV-805-TSZ

8

Mann Law Group PLLC
107 Spring St.
Seattle, WA 98104
Phone: 206.436.8500

15. At no time did NIVAL receive from tinyBuild, nor did tinyBuild send to NIVAL, a notice of breach pursuant Sections 14(b) and 15(b) of the Agreement.

16. Rather, tinyBuild accepted the pre-production stage milestone and the Alpha stage milestone under the Agreement.

17. Every deliverable that NIVAL submitted to tinyBuild complied with the Agreement.

18. NIVAL has complied with all terms of the Agreement.

19. Pursuant to the Agreement (Exhibit A) tinyBuild should have paid NIVAL the final $100,000 on April 1, 2019.

20. tinyBuild failed to pay $100,000 to NIVAL.

21. On May 28, 2019, NIVAL sent a Notice of Breach to tinyBuild pursuant to and in compliance with Sections 14(b) and 15(b) of the Agreement, alerting tinyBuild to its various breaches of the Agreement including failure to pay the final $100,000 to NIVAL.  Said Notice of Breach is attached hereto as Exhibit 2.

22. As of the date hereof, tinyBuild has failed to respond to NIVAL's Notice of breach, and tinyBuild has failed to pay the remaining $100,000.

23. Because of the forgoing, tinyBuild is in breach of the Agreement.

## COUNT ONE: BREACH OF CONTRACT

24. Counterclaim Plaintiff realleges and incorporates each and every allegation set forth in the above paragraphs as though fully set forth herein.

25. The Agreement is a valid written contract that exists between the parties.

ANSWER AND COUNTERCLAIM
Case No. 19-CV-805-TSZ
9
Mann Law Group PLLC
107 Spring St.
Seattle, WA 98104
Phone: 206.436.8500

26. At all times relevant, NIVAL has complied with all terms and obligations of the Agreement, including delivering acceptable Game development milestones to tinyBuild.

27. tinyBuild has breached the Agreement by the facts as described herein including, without limitation, failing pay NIVAL the remaining $100,000 and by alleging a breach of contract against NIVAL without following the notice and breach provisions of the Agreement.

28. NIVAL has been damaged by tinyBuild's breach of the Agreement by an amount to be determined at trial, but at least in the amount of $100,000.

29. NIVAL is entitled to its reasonable attorneys' fees pursuant to Section 13(c) of the Agreement.

## COUNT TWO:

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

30. Counterclaim Plaintiff realleges and incorporates each and every allegation set forth in the above paragraphs as though fully set forth herein.

31. The Agreement imposed an implied duty of good faith and fair dealing on tinyBuild.

32. tinyBuild's actions and omissions as alleged herein breached the implied covenant of good faith and fair dealing.

33. NIVAL has been damaged in an amount to be proven at trial, but at least in the amount of $100,000.

34. NIVAL is entitled to its reasonable attorneys' fees pursuant to Section 13(c) of the Agreement.

ANSWER AND COUNTERCLAIM
Case No. 19-CV-805-TSZ

10

Mann Law Group PLLC
107 Spring St.
Seattle, WA 98104
Phone: 206.436.8500

# Requested Relief

WHEREFORE, Counterclaim Plaintiff prays that this Honorable Court will award the following:

1. Enter judgment for Counterclaim Plaintiff on all Counts of this Counterclaim;

2. Award Counterclaim Plaintiff damages and losses as determined at trial, including, without limitation, actual damages, consequential damages, punitive damages, attorney's fees, multiple damages, treble damages, interest and costs as may be provided by law;

3. Grant Counterclaim Plaintiff attorneys' fees associated with this action pursuant to the Agreement; and

4. Grant Counterclaim Plaintiff such other and further relief as the Court deems just and proper.

**A Trial By Jury Is Requested For All Claims So Triable**

Dated July 9, 2019.                     Respectfully submitted,

*/s/ Philip P. Mann*
Philip P. Mann, WSBA No: 28860
**Mann Law Group PLLC**
107 Spring St.
Seattle, Washington 98104
Phone (206) 436-0900
Fax (866) 341-5140
phil@mannlawgroup.com

Valentin Gurvits (BBO# 643572)
(*pro hac to be submitted*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton, Massachusetts 02459
Tel: 617-928-1806

ANSWER AND COUNTERCLAIM
Case No. 19-CV-805-TSZ

11

Mann Law Group PLLC
107 Spring St.
Seattle, WA 98104
Phone: 206.436.8500

Fax: 617-928-1804
gurvits@bostonlawgroup.com

Attorneys for Defendant Nival
International Limited

ANSWER AND COUNTERCLAIM
Case No. 19-CV-805-TSZ

12

Mann Law Group PLLC
107 Spring St.
Seattle, WA  98104
Phone:  206.436.8500

# CERTIFICATE OF SERVICE

I hereby certify on the date indicated below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties who have appeared in this matter.

DATED: July 9, 2019                    /s/ *Philip P. Mann*

ANSWER AND COUNTERCLAIM
Case No. 19-CV-805-TSZ

13

Mann Law Group PLLC
107 Spring St.
Seattle, WA  98104
Phone: 206.436.8500