THE HONORABLE THOMAS Z. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

TINYBUILD LLC,

           Plaintiff,

    v.

NIVAL INTERNATIONAL LIMITED,

           Defendant.

NO.  2:19-cv-00805-TSZ

**JOINT STATUS REPORT AND DISCOVERY PLAN**

The parties, by and through their respective counsel of record, submit this Joint Status Report and Discovery Plan pursuant to the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. 9).

    **1.**      **Statement of the Nature and Complexity of the Case**

Plaintiff tinyBuild brings claims of breach of contract and breach of the implied covenant of good faith and fair dealing directed to Defendant Nival's breach of a software development agreement between the parties and Nival's failure to return tinyBuild's proprietary source code.

Defendant denies tinyBuild's claims and also brings Counterclaims of breach of contract and breach of the implied covenant of good faith and fair dealing against tinyBuild in respect to the same agreement.

GARVEY SCHUBERT BARER, P.C.
*eighteenth floor*
*1191 second avenue*
*seattle, washington 98101-2939*
*206 464 3939*

Plaintiff anticipates filing a motion to amend the Complaint to add claims of fraudulent misrepresentation, theft of trade secrets, and conversion.

This is not a complex case, nor would it be rendered such with the addition of Plaintiff's anticipated claims.

**2.      Proposed Deadline for the Joining of Additional Parties**

The parties propose September 30, 2019 as the deadline for joining additional parties.

**3.      Consent to Magistrate Judge**

The parties do not consent to the assignment of this case to a Magistrate Judge.

**4.      Discovery Plan**

A.      Initial disclosures:  The parties will exchange initial disclosures on August 12, 2019.

B.      Subjects, timing, and potential phasing of discovery: The parties intend to conduct standard discovery on all subjects pertinent to their claims defenses under the timeframe set forth in the civil rules. Phasing of discovery is not necessary.

C.      ESI:  Electronic discovery, if any, will be in accordance with the Federal Rules of Civil Procedure.  The parties do not anticipate complex electronic discovery and do not believe the Model Protocol for Discovery of Electronically Stored Information in Civil Litigation is necessary at this time.

D.      Privilege issues:  No complex or unique privilege issues are known at this time.

E.      Discovery limitations aside from those set forth in the Federal Rules of Civil Procedure and the local rules are not necessary at this time.

F.      Depending upon the type of information sought in discovery, the parties may agree to a stipulated protective order.

**5.      Views, Proposals and Agreements on LCR 26(f)(1) Subjects**

GARVEY SCHUBERT BARER, P.C.
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

A.    Prompt case resolution: Plaintiff intends to file a dispositive motion on Defendant's Counterclaim.  Defendant intends to file a dispositive motion in respect to all of Plaintiff's claims.

B.    Alternative Dispute Resolution: Plaintiff is willing to engage in an early mediation in Seattle, Washington.  Defendant is not willing to engage in early mediation.

C.    Related cases: None.

D.    Discovery management: The parties presently believe discovery can be managed appropriately through compliance with the Federal Rules of Civil Procedure.

E.    Anticipated discovery sought: Plaintiff's intends to seek discovery related to Nival's work under the agreement, Nival's financial records related to the project, and Nival's retention of tinyBuild's IP, among other topics.  Defendant intends to seek discovery related to tinyBuild's performance under, and compliance with, the agreement, tinyBuild's financial records related to the agreement and the project, and other relevant topics.

F.    Phasing motions:  Plaintiff anticipates filing a motion to amend the complaint and a dispositive motion on Defendant's Counterclaim.  Defendant anticipates filing a dispositive motion on Plaintiff's claims.  Other than the use of dispositive motions, the parties do not currently believe that phasing of motions is appropriate.

G.    Preservation of discoverable information:  The parties will endeavor to preserve discoverable information and they are not presently aware of any issues concerning the preservation of discoverable information.

H.    Privilege issues:  The parties do not presently anticipate any unusual issues concerning privilege or work product.

I.    Model Protocol for Discovery of ESI:  The parties presently do not believe the Model Protocol is necessary.

J.    Alternatives to Model Protocol are not necessary at this time. A protective order may be necessary in the future for the protection of confidential information.

GARVEY SCHUBERT BARER, P.C.
eighteenth floor
1191 second avenue
seattle, washington  98101-2939
206 464 3939

1

2

3
**6.      Discovery Completion**

The parties submit that the appropriate date for the discovery deadline be set 120 days
prior to trial in accordance with the Federal Rules of Civil Procedure.

4

5
**7.      Bifurcation**

The parties do not presently see a reason to bifurcate this case.

6

7
**8.      Pretrial Statements and Pretrial Order**

Pretrial statements and pretrial orders should not be dispensed with.

8

9
**9.      Individualized Trial Program**

The parties do not agree to the Individualized Trial Program.

10

11

12
**10.      Any Other Suggestions for Shortening or Simplifying the Case**

The parties presently have no additional suggestions for shortening or simplifying the
case.

13

14
**11.      The Date the Case Will be Ready for Trial**

The parties presently believe that case will be ready for trial by August 12, 2020, or later.

15

16

17
**12.      Whether the Trial Will be Jury or Non-Jury**

Plaintiff intends to make a jury demand on its claims against Nival.  Defendant requests
a trial by jury on all claims so triable.

18

19
**13.      The Number of Trial Days Requested**

The parties estimate 8-10 days for trial.

20
**14.      The Names, Addresses, and Telephone Numbers of All Trial Counsel**

21

22

23

24

25

26
Plaintiff's Counsel
Diana S. Breaux, WSBA #46112
Garvey Schubert Barer
1191 Second Avenue, Suite 1800
Seattle, WA 98101
(206) 816-1416
dbreaux@gsblaw.com

JOINT STATUS REPORT AND DISCOVERY PLAN - 4
2:19-CV-00805-TSZ

GARVEY SCHUBERT BARER, P.C.
*eighteenth floor*
*1191 second avenue*
*seattle, washington  98101-2939*
*206 464 3939*

<u>Defendant's Counsel</u>
Philip P. Mann, WSBA #28860
Mann Law Group PLLC
107 Spring St.
Seattle, WA 98104
(206) 436-0900
phil@mannlawgroup.com

Valentin Gurvits, BBO #643572
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton, Massachusetts 02469
(607) 928-1806
gurvits@bostonlawgroup.com

**15.     Dates on Which Trial Counsel May Have Complications to be Considered in Setting a Trial Date**

Counsel for Plaintiff currently has no professional or personal commitments that would interfere with a trial date between August 12, 2020 and December 31, 2020.

Counsel for Nival currently has no professional or personal commitments that would interfere with a trial date between August 12, 2020 and December 31, 2020.

**16.     Statement of Service**

Service on Defendant has been completed.

**17.     Scheduling Conference**

A scheduling conference is not necessary at this time.

**18.     Corporate Disclosure Statements**

Plaintiff filed its Corporate Disclosure Statement on May 31, 2019.  Defendant filed its Corporate Disclosure Statement on July 16, 2019.

**19.     Video recording**

The parties do not consent to video recorded hearings.

//

//

//

JOINT STATUS REPORT AND DISCOVERY PLAN - 5
2:19-CV-00805-TSZ

GARVEY SCHUBERT BARER, P.C.
*eighteenth floor*
*1191 second avenue*
*seattle, washington 98101-2939*
*206 464 3939*

1    DATED this 12th day of August, 2019.

2    GARVEY SCHUBERT BARER, P.C.          MANN LAW GROUP

3

4
     By *s/Diana S. Breaux*                By *s/Philip P. Mann*
5       Diana S. Breaux, WSBA #46112          Philip P. Mann, WSBA #28860
6       Garvey Schubert Barer                 Mann Law Group PLLC
        1191 Second Avenue, Suite 1800        107 Spring St.
7       Seattle, WA 98101                     Seattle, WA 98104
        (206) 816-1416                        (206) 436-0900
8       dbreaux@gsblaw.com                    phil@mannlawgroup.com
        *Attorneys for Plaintiff tinyBuild LLC*
9
                                             Valentin Gurvits, BBO #643572
10                                           Boston Law Group, PC
                                             825 Beacon Street, Suite 20
11                                           Newton, Massachusetts 02469
                                             (607) 928-1806
12                                           gurvits@bostonlawgroup.com
                                             *Attorneys for Defendant Nival International*
13                                           *Limited*

14

15

16

17

18

19

20

21

22

23

24

25

26

1

## CERTIFICATE OF SERVICE

2          I hereby certify that on August 12, 2019, I electronically filed the foregoing with the Clerk

3   of the Court using the CM/ECF system which will send notification of such filing to all parties

4   who have appeared in this matter.

5

6                                             *s/Kelly M. Mueller*

7                                             Kelly M. Mueller, Legal Assistant
                                              Garvey Schubert Barer, P.C.
8                                             1191 Second Avenue, Suite 1800
                                              Seattle, WA  98101-2939
9                                             (206) 464-3939
                                              kmueller@gsblaw.com
10

11   GSB:10453855.1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

JOINT STATUS REPORT AND DISCOVERY PLAN - 7
2:19-CV-00805-TSZ