Honorable THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TINYBUILD LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>NIVAL INTERNATION LIMITED, a Cypriot corporation,<br><br>Defendant. | NO. 19-CV-00805-TSZ<br><br>**TINYBUILD'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER** |

## I.     INTRODUCTION

Plaintiff tinyBuild LLC ("tinyBuild") respectfully submits this opposition to Defendant Nival International Limited's ("Nival") Motion for Protective Order (Dkt. 21). Nival bears the burden of establishing good cause for the broad protections it seeks. Yet, Nival's motion is not supported by facts or law, and thus necessarily fails to meet that burden. Worse, the overly broad protections it requests, including but not limited to *unlimited* "Attorney's Eyes Only" protection, would significantly prejudice tinyBuild. Because Nival has failed to make the specific showing of harm required for the relief it seeks, this Court should deny Nival's motion in its entirety. If, notwithstanding Nival's complete absence of good cause, this Court is inclined to grant Nival a Protective Order, it should enter tinyBuild's proposed order, which

TINYBUILD'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 1

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400   FAX (206) 447-9700

FG:10568707.1

reduces the prejudice to tinyBuild and is more than adequate to protect Nival's interests in this case.

## II.   FACTS

This lawsuit concerns a Development and Publishing Agreement executed by tinyBuild and Nival in March 2018 (the "Agreement"). Pursuant to the Agreement, which Nival publicly filed with its Answer and Counterclaim (Dkt. 11-1), Nival was to develop and design a video game (the "Product") for tinyBuild working with Savvas Petras, the designer specifically selected for the project, who was also a party to the Agreement (Agreement, at 1). The Agreement defines project milestones and payment schedules and the timetable for same. The Agreement also clarifies the parties' rights with respect to the Product, and expressly confers all ownership rights in the Product's intellectual property to tinyBuild. *See* Agreement, ¶ 1.1 ("***All IP rights to the Product are the property of Publisher*** [tinyBuild].") (emphasis supplied). As relevant to the purported need for the protective order sought by Nival, the Agreement has robust confidentiality terms that prevent the parties from using or disclosing each other's business, technical, and financial information, including employee and customer lists. *See id.*, ¶ 11.

Nival initiated this lawsuit in March 2019, because tinyBuild breached several provisions of the Agreement with its wrongful actions, including ceasing work on the Product and refusing to restart without additional funding from tinyBuild, locking the designer, Mr. Petras, out of the project, and retaining tinyBuild's IP assets. Nival's breaches continue to this day: Nival still retains tinyBuild's source code, which it has refused to return to tinyBuild. *See* Declaration of Alex Nichiporchik, ¶ 4. Nival, for its part, has asserted a Counterclaim against tinyBuild for allegedly failing to make the final development payment. Dkt. 11, ¶¶ 24-34. tinyBuild denies the allegations, which ignore tinyBuild's termination of the Agreement and Nival's failure to deliver work meeting the Agreement's specifications.

On August 8, 2019, tinyBuild propounded its First Interrogatories and Requests for

TINYBUILD'S OPPOSITION TO DEFENDANT'S MOTION FOR
PROTECTIVE ORDER - 2

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:10568707.1

Production of Documents to Nival. Declaration of Diana S. Breaux, Ex. A. tinyBuild's Interrogatories requested such basic information as the identification of all individuals to whom Nival has granted access to tinyBuild's proprietary source code and the circumstances by which they were given such access. *See id.*, Interrogatory Nos. 2-3. tinyBuild also requested records including documents relating to the execution of the Agreement, financial records reflecting the costs and expenses associated with the Product, timesheets from employees or agents developing the Project, and documents related to Nival's work on the Product. *See id.*, Request for Production Nos. 4, 6, 8, 9, 11. All of tinyBuild's requests are directed to Nival's breaches (demands for additional money, failure to work on the project, locking the designer out, and failing to deliver tinyBuild's assets) and tinyBuild's damages associated with those breaches (for example, diversion of project funds and the extent of Nival's use and disclosure of tinyBuild's IP assets).

On September 5, 2019, the last business day before Nival's responses to tinyBuild's discovery requests were due, Nival's counsel requested that tinyBuild agree to a protective order. *See* Breaux Dec., Ex. B. Although counsel for Nival had not yet provided a draft order for tinyBuild's consideration, counsel for Nival and tinyBuild conferred on the issue on September 9, 2019, during which conference Nival stated, for the first time, that it sought Attorney's Eyes Only ("AEO") protection for unspecified categories of materials produced in this case. *See* Breaux Dec., ¶ 3. Counsel for tinyBuild made clear the proposal was unacceptable given that the claims were directed to the parties' contractual relationship, the agreement governing which had already been publicly filed by Nival, and the significant prejudice to tinyBuild. *Id.*, ¶ 4. Three weeks later, on September 24, Nival sent tinyBuild the proposed protective order sought by its motion, which broadly defines "Confidential Material" subject to the order's protections and, worse, confers unfettered ability to designate materials Attorney's Eyes Only. *Id.*, ¶ 5, Ex. C. tinyBuild's counter proposal, by contrast, limits the definition of Confidential Material to information for which Nival could have a legitimate

TINYBUILD'S OPPOSITION TO DEFENDANT'S MOTION FOR
PROTECTIVE ORDER - 3

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:10568707.1

claim of confidentiality, and does not provide for AEO protection because it is not warranted in this breach of contract case (and for which, as discussed below, Nival fails to make the requisite showing).

Nival's responses to tinyBuild's discovery requests make clear that Nival seeks AEO protection to prevent tinyBuild from accessing its discovery materials. Nival cites alleged "trade secret" concerns with respect to nearly all of tinyBuild's requests, including requests for communications with the designer retained to work specifically on the project, Savvas Petras, and documents concerning the Project for which tinyBuild retained Nival. *See* Breaux Dec., Ex. D.[1] As discussed herein, the unfettered AEO protection Nival seeks is unsupported and would significantly prejudice tinyBuild's ability to prosecute its claims and defend against Nival's counterclaims.

### III.  EVIDENCE RELIED UPON

tinyBuild relies on the Declaration of Diana S. Breaux and the Declaration of Alex Nichiporchik, any attachments thereto, and the documents on file with the Court in this lawsuit.

### IV.  ARGUMENT AND AUTHORITY

As discussed below, Nival fails to meet its heavy burden under Rule 26(c). Worse, the specific order Nival seeks is overly broad and prejudicial in at least two key respects. First, Nival seeks to prevent tinyBuild's officers and employees from accessing Nival's discovery materials by allowing parties to unilaterally produce *any* Confidential Material on an

---

[1] Nival's initial discovery responses were devoid of any substance whatsoever. For example, in response to tinyBuild's Interrogatory No. 2 to "identify all persons who have been granted access to any source code related to the 'Product'", Nival responded with a slew of objections:
> "this request…seeks information or documents protected by any privilege, including without limitation, the attorney-client privilege or attorney work product doctrine…. [this] information is protected from discovery or disclosure by virtue of the right to privacy or which constitutes confidential information, proprietary information, or trade secrets, or which are otherwise protected from disclosure or discovery pursuant to case law, statute, regulation or order… [the request] seeks documents or information are neither relevant to the subject matter of this action nor calculated to lead to the discovery of admissible evidence…. [the request] is overbroad… the information or documents are within the custody, control or possession of the propounding party."

*See* Breaux Dec., Ex. E. Nival subsequently amended those responses by adding still more objections and no substance. *See id.*, Ex. D.
TINYBUILD'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 4

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:10568707.1

"Attorney's Eyes Only" basis. Second, Nival's proposed definition of "Confidential Material" is so broad that it would encompass seemingly all of Nival's records, including information for which Nival has no legitimate claim of confidentiality to assert, including *tinyBuild's* source code, which Nival continues to wrongfully retain. The combined effect of the two provisions would be to allow Nival to prevent tinyBuild from accessing broad categories of information.

### A.  Nival has not Satisfied its "Heavy Burden" Under Rule 26(c).

Under Fed. R. Civ. P. 26(c), a party seeking a protective order bears a "heavy burden" of demonstrating that "disclosure will cause a specific prejudice or harm." *See Int'l Bhd. of Teamsters v. Alaska Air Grp., Inc.*, C17-1327-MJP, 2017 WL 6034363, at *2 (W.D. Wash. Dec. 6, 2017) (citing *Rivera v. NIBCO, Inc.*, 384 F.3d 822, 827 (9th Cir. 2004)). Protective orders directed to confidential, proprietary, or private information warranting special protection must be supported by specific justifications. LCR 26(c)(2). A party seeking such protections bears the burden of demonstrating that "good cause" exists. Fed.R.Civ.P. 26(c)(1); *see Int'l Bhd.*, at *2 (party cannot meet heavy burden of good cause with "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning").

Nival's sparse motion, which is not supported by any declaration and fails to cite a single discovery request, relies entirely on the conclusory statement that information sought by tinyBuild is sensitive "[b]ecause tinyBuild and Nival are competitors of one another as both are game developers (though they have also worked together in the past)." *See* Dkt. 21, at 2. Nival ignores that the claims in this lawsuit are directed entirely to a collaboration between the parties and the contract that governed that endeavor. tinyBuild's discovery requests are narrowly tailored to information related to the parties' contractual relationship and the Product that was its object. For example, tinyBuild's requests for "personnel lists, source code, financial information, customer lists, internal business information, and development methods," are limited to only those that are connected with *the Product*. *See* Breaux Dec., Ex. A, Interrogatory Nos. 1, 2, Request for Production Nos. 4, 8, 9, 11. Because tinyBuild's requests

TINYBUILD'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 5

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:10568707.1

seek information related to the Product at issue, there is no threat of competitive harm, as Nival wrongly suggests and claims require the overbroad protections it seeks. Nival also wrongly suggests that tinyBuild seeks discovery of its proprietary source code. Not so. The only source code covered by tinyBuild's discovery requests is the source code related to the *Product*. The Agreement is clear that tinyBuild is the rightful owner of all source code related to the Product.

Finally, Nival makes the absurd claim that the records sought are not relevant and that the requests were propounded "to gain access to Nival's internal and proprietary and confidential information so that it can improperly compete with Nival and solicit Nival's personnel." Dkt. 21, at p. 2, ¶ 9-12. This accusation is unsupported and absurd. All of the information sought is relevant to tinyBuild's claims. As just one example, tinyBuild is entitled to discovery of the individuals to whom tinyBuilt granted access to its source code as relevant to its claim for damages related to the improper use and retention of the source code. Nival further ignores that the parties already are subject to broad obligations of confidentiality under the Agreement. Where, as here, parties are subject to restrictions on the use of confidential material and there is no specific showing of any intent to misuse such information, AEO protection is not warranted. *See Int'l Bhd.*, at *2.

**B.    Nival Asks this Court to Grant it Unlimited Power to Unilaterally Designate Documents AEO.**

Nival seeks the unilateral right to produce any Confidential Material on an AEO basis. Nival's proposed protective order provides that "officers, directors, and employees . . . of the receiving party to whom disclosures is reasonably necessary for this litigation *unless a particular document or material produced is for Attorney's Eyes Only and is so designated. . . .*" Dkt. 21, Ex. A, ¶ 4.2(b). Nival's proposed order imposes no limitations on a party's ability to produce materials as Attorney's Eyes Only, and fails to impose criteria that must be satisfied for such designation.

AEO protection is reserved for circumstances in which a producing party makes a well-

TINYBUILD'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 6

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:10568707.1

founded and supported claim of prejudice that is not outweighed by the prejudice to the receiving party. *See Brantigan v. DePuy Spine, Inc.*, C08-0177RSL, 2008 WL 11508370, *2 (W.D. Wash. Sept. 15, 2008) ("unsupported" claim of prejudice from disclosure did not warrant AEO protection, which would give producing party an "unfair advantage" and interfere with the receiving party's ability to prosecute its claims). Here, Nival has failed to establish that *any* of the materials requested by tinyBuild require such protection, let alone that tinyBuild requires the broad protection it seeks – the ability to designate *any* material AEO.

*Brantigan* is instructive. There, the court refused to allow AEO designation to materials a party claimed (without support) were not widely disseminated in its company and would be valuable to the defendant's competitors. The court held that the defendant had not provided any support for its claim that it would suffer prejudice if the documents were disclosed to the plaintiff. *Brantigan*, at *1. That is precisely the case here. Further, as in *Brantigan*, the claims at issue are directed to the parties' contractual relationship, in which they had aligned, not competitive, interests. *Id.*, at *1.

Most importantly, here, as in *Brantigan*, tinyBuild would be significantly prejudiced if its officers and employees were prevented from accessing Nival's discovery material and assisting in the prosecution of its claims and defense of Nival's counterclaims. Nival has no in-house counsel. *See* Nichiporchik Decl., ¶ 5. Thus, AEO designation would mean that no Nival employee, officer, or director could access AEO material. Further, given the technical issues in the case, plaintiff's participation is particularly important, and denying tinyBuild the ability to participate in the case would result in extreme prejudice. *Id.*, ¶¶ 5-6. And tinyBuild has no intention of using any of Nival's information for purposes other than this litigation. *Id.*, ¶ 6. As the court recognized in *Brantigan*, AEO protection would prejudicially interfere with plaintiff's ability to prosecute their case:

> [AEO protection] would preclude plaintiff from fully participating in the prosecution of his own case. Plaintiff's participation is especially important in this case because it

TINYBUILD'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 7

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:10568707.1

involves technical issues and specialized products. As such, plaintiff is likely his own best expert.

*Brantigan,* at *2.

If Nival's proposed protective order were entered, Nival would be forced to retain third-party experts to review the technical information in the case, even though it is likely to be its own "best expert," as was the case in *Brantigan*. Nichiporchik Decl., ¶¶ 5-6. Further, counsel would not be able to confer with Nival about potential deponents and trial witnesses as Nival seeks to keep the identity of employees who worked on the project confidential.

Put simply, Nival has provided no authority, factual or legal, to support its claim for unlimited, unilateral AEO designations.

C.   **Nival's Definition of "Confidential Material" Is Overly Broad.**

Nival's definition of "Confidential Material" is overly broad in at least two respects. First, Nival includes in the definition "internal business information" a broad and ambiguous term that seemingly could encompass any document in Nival's records. Second, the definition would encompass material for which Nival has no claim of confidentiality. As just one example, Nival defines Confidential Material to include "source code" without restriction. Such definition would include the tinyBuild source code in Nival's possession. Nival has no basis to assert a claim of confidentiality over tinyBuild's source code, let alone (as further discussed in Section B, *infra*) prevent tinyBuild employees and officers from accessing that source code for purposes of prosecuting their claims and defending against Nival's Counterclaim. tinyBuild's proposal, by contrast, limits the definition of Confidential material to source code "unrelated to the 'Product' as defined in the Agreement. *See* Dkt. 21, Ex. C (tinyBuild's proposed Protective Order), at 2. Therefore, if this Court finds that Nival somehow has met its burden of establishing "good cause" for a protective order, the court

TINYBUILD'S OPPOSITION TO DEFENDANT'S MOTION FOR
PROTECTIVE ORDER - 8

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:10568707.1

should enter tinyBuild's attached proposed protective order.[2]

## V.  CONCLUSION

Because Nival has not met its burden of establishing good cause or significant harm necessitating the provisions in its protective order, including AEO designation, its motion for protective order should be denied.

DATED this 10th day of October, 2019.

GARVEY SCHUBERT BARER, P.C.

By _____
Diana S. Breaux, WSBA #46112
Foster Garvey
1191 Second Avenue, Suite 1800
Seattle, WA 98101
(206) 816-1416
diana.breaux@foster.com
*Attorneys for Plaintiff tinyBuild LLC*

---

[2] Nival has attached a copy of tinyBuild's protective order to Docket 21, Exhibit C. tinyBuild here attaches to its Motion the same document as a Proposed Protective Order for the Court's review.

TINYBUILD'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 9

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:10568707.1

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties who have appeared in this matter.

*s/Ann Gabu*
Ann M. Gabu, Legal Assistant
Foster Garvey
1191 Second Avenue, Suite 1800
Seattle, WA 98101
(206) 816-1416
ann.gabu@foster.com

TINYBUILD'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 10

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:10568707.1