# EXHIBIT A

THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TINYBUILD LLC, a Washington limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NIVAL INTERNATIONAL LIMITED, a Cypriot corporation,<br><br>　　　　　Defendant. | Case No. 2:19-cv-00805-TSZ<br><br>PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT |

TO:　　　　NIVAL INTERNATIONAL LIMITED, Defendant;

AND TO:　　Philip P. Mann, Mann Law Group PLLC and Valentin Gurvits, Boston Law Group, PC, Attorneys for Defendant.

　　　　Pursuant to Civil Rules 26, 33 and 34, Plaintiff tinyBuild LLC ("tinyBuild" or "Plaintiff") hereby requests that Defendant respond to the following First Interrogatories and Requests for Production of Documents.  Please type in your responses on the original in the space provided following each request, or use additional pages if necessary.  Please serve the completed original on the undersigned.  Interrogatories are to be answered by Defendant, fully and under oath, within thirty (30) days after service hereof.  A blank space has been provided following each interrogatory for the insertion of your answer thereto.  Answers which cannot

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT - 1

GARVEY SCHUBERT BARER, P.C.
*eighteenth floor*
*1191 second avenue*
*seattle, washington 98101-2939*
*(206) 464-3939*

be fully set forth in that space should be set forth in supplemental pages attached to your answers. If any interrogatory cannot be answered in full, answer it to the extent possible, specify the reasons for your inability to answer the remainder, and, as to information in response thereto which becomes known or available to you after service of your original answers, you are requested to submit promptly supplemental answers setting forth such additional information in full. In answering these interrogatories, furnish such information as is available to you regardless of whether this information is obtained directly by you, through your agents or other representatives, or by your attorney.

Plaintiff requests that Defendant, within thirty (30) days of the service hereof, produce for inspection and copying the documents described below at the offices of Garvey Schubert Barer, P.C., 1191 Second Avenue, 18th Floor, Seattle, Washington 98101. Pursuant to CR 34, Plaintiff shall produce the documents for inspection as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.

These interrogatories and document production requests are continuing in nature, and you are requested to provide any information or documents which alter or augment the responses now given at a time when you obtain such additional information or the documents. If such information or documents are not so furnished, the undersigned will move at the time of trial to exclude from evidence any information or documents requested and not so furnished.

## **DEFINITIONS AND SCOPE**

As used in these requests:

1. **Agreement** means the Development and Publishing Agreement entered into as of March 29, 2018, by and between tinyBuild LLC, Nival International Limited, and Steliou Kotiadi.

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT - 2

GARVEY SCHUBERT BARER, P.C.
*eighteenth floor*
*1191 second avenue*
*seattle, washington 98101-2939*
*(206) 464-3939*

2. <u>Person</u> means every natural person, corporation, firm, partnership, or other business or governmental entity.

3. <u>Claims</u> and <u>contentions</u> refer to any claim or contention affecting this case either as part of a party's case in chief or as a defense to any of the issues herein.

4. <u>You</u> or <u>Defendant</u> refers to Defendant Nival International Limited, its attorneys, agents, representatives or other persons working on its behalf.

5. <u>Complaint</u> refers to the Complaint for Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, and Declaratory Judgment filed by Plaintiff in the United States District Court for the Western District of Washington at Seattle under Case No. 2:19-cv-00805-TSZ, against the Defendant.

6. <u>Document</u> or <u>documents</u> means, without limiting its generality, the original (or a legible copy thereof when the original is not available) and each non-identical copy (including those that are not identical by reason of notations or markings) of each document or data compilation of any kind within the scope of CR 34, including all written, printed, typewritten, or whatever descriptions, however produced or reproduced (including computer-stored or generated data, together with instructions and programs necessary to search or retrieve such data), or other documentation of any kind, including but not limited to notes, memoranda, correspondence, emails, text messages, instant messages, reports, or any other documents, that can reasonably be determined to refer, directly or indirectly, in whole or in part, to the matter addressed, to which you have or have had access, and shall include all attachments and enclosures.

7. <u>And/or</u> means "<u>and</u>" or "<u>or</u>" and shall not be interpreted to exclude any information otherwise within the scope of any request.

8. <u>Referring to</u>, <u>relating to</u>, <u>regarding</u> or <u>with respect to</u> means all matters or things which in any way discuss, pertain to, concern, are connected to, arise from, summarize, bear

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT - 3

GARVEY SCHUBERT BARER, P.C.
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
(206) 464-3939

upon, evaluate, or comment on or constitute the subject or object of these requests.

9.   <u>Describe</u> or <u>describe in full detail</u> means to set out every detail and aspect of every fact, circumstance, act, omission, or course of conduct known to you relating in any way to the matter inquired about, including, without limitation, the date and place thereof, the identity of each person present thereat, connected therewith, or who has knowledge thereof, the identity of all documents relating thereto, and if anything was said by any person, the identity of each such person and each such oral statement, and if the oral statement in whole or in part was contained, reported, summarized or referred to in any documents, the identity of each such document.

10.   <u>Identify a person</u> means to state with respect to each such person:
    a.   The full name, address, birth date and present whereabouts of such person;
    b.   The business address of such person; and
    c.   The person's present job title or description, and the job title or description during the period relevant to your Answer.

11.   <u>Identify a document</u> means to state as follows with respect to each:
    a.   A description of such as to whether it is a letter, telegram, etc.;
    b.   Its name or title;
    c.   The date when first issued or which appears thereon;
    d.   The company and/or person preparing the same;
    e.   The name of any company and/or person to whom transmitted;
    f.   The substance of the contents thereof;
    g.   From whom obtained; and
    h.   The name and address of the person who has custody and control thereof.

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT - 4

GARVEY SCHUBERT BARER, P.C.
*eighteenth floor*
*1191 second avenue*
*seattle, washington 98101-2939*
*(206) 464-3939*

**INSTRUCTIONS**

1. These discovery requests are to be answered separately and fully, in writing and under oath, within thirty (30) days of the date of service on you.

2. If you object to answering any of these discovery requests, or withhold documents from production in response to these requests, in whole or in part, state your objections and/or reasons for not responding and state all factual and legal justifications that you believe support your objection or failure to answer or to produce. If you object to answering only a part of a discovery request, specify the part to which you object and respond to the remainder.

3. If you deem any request to call for privileged information or documents, and assert such privilege so as to avoid divulging such information or producing such documents, provide a list with respect to each item of information or each document so withheld, stating:

    a. Description of allegedly privileged communication or document withheld;

    b. Persons present during or participating in allegedly privileged communication, or author(s) and recipient(s) of document(s) withheld;

    c. Date of allegedly privileged communication or document(s) withheld;

    d. Subject matter of allegedly privileged communication or document withheld;

    e. Type of document withheld (*e.g.*, letter, memorandum or computer database);

    f. Nature of privilege(s) claimed; and

    g. The paragraph(s) of these discovery requests to which the allegedly privileged communication or document(s) relates.

4. If any document or tangible item requested herein was at one time in existence

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT - 5

GARVEY SCHUBERT BARER, P.C.
*eighteenth floor
1191 second avenue
seattle, washington 98101-2939
(206) 464-3939*

and under Defendant's possession, custody or control, but has been lost, discarded or destroyed, or has been removed from Defendant's possession, custody or control, with respect to each document or other tangible item:

    a.    Identify and describe each such document or other tangible item by date, title and type, nature or kind;

    b.    State when each such document or other tangible item was most recently in the possession of Plaintiff or subject to Defendant's control and what disposition was made of such document or other tangible item, including an identification of the person, if any, presently in possession or control of such document(s) or other tangible item;

    c.    State when such document(s) or other tangible item was transferred or destroyed; identify the person who transferred or destroyed such document(s) or other tangible item and the person(s) who authorized or directed that the document or other tangible item be transferred or destroyed; identify all persons having knowledge of such transfer or destruction; and state the reason such document(s) or other tangible item was transferred or destroyed; and

    d.    Identify all persons having knowledge of the contents thereof.

5.    Attach to each document produced a notation showing (i) the organizational unit (*e.g.*, department) from which the document was produced (if applicable); (ii) the name or other identification of the file, folder, drawer, box or other container from which the document was removed; and (iii) the name and title of the individual who had custody of the document at the time of its removal. If you contend that a secretary or other administrative assistant was the custodian, identify the supervisor or other individual for whom he or she was holding the document. In lieu of a notation on each document produced, you may serially number each

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT - 6

GARVEY SCHUBERT BARER, P.C.
*eighteenth floor
1191 second avenue
seattle, washington 98101-2939
(206) 464-3939*

page of each document and provide an index of all documents produced, containing the beginning and ending serial numbers of each document and the other information relating to the document as set forth above.

6. If answering a request or question involves providing information or documentation already produced, you may avoid duplication by referring us to the specific part of the relevant prior answer.

## INTERROGATORIES

INTERROGATORY NO. 1: Identify all persons with knowledge of the facts alleged in the Complaint, including but not limited to each individual who performed work on the "Product," as defined in the Agreement, and for each such person identify the subject(s) of their knowledge.

ANSWER:

INTERROGATORY NO. 2: Identify all persons who have been granted access to any source code related to the "Product," as defined in the Agreement.

ANSWER:

INTERROGATORY NO. 3: With respect to every person identified in response to Interrogatory No. 2, identify the circumstances by which they were given access to Product source code, and the reason why they were given such access.

ANSWER:

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT - 7

GARVEY SCHUBERT BARER, P.C.
*eighteenth floor*
*1191 second avenue*
*seattle, washington 98101-2939*
*(206) 464-3939*

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 1: Produce all documents identified or referenced in response to any of the above interrogatories.

RESPONSE:

REQUEST FOR PRODUCTION NO. 2: Produce all documents related to the drafting and execution of the Agreement, including drafts and communications about the Agreement's terms.

RESPONSE:

REQUEST FOR PRODUCTION NO. 3: Produce all communications between You and Savvas Petras.

RESPONSE:

REQUEST FOR PRODUCTION NO. 4: Produce all financial records and other documents reflecting costs or expenses incurred by Nival in connection with the Product, as defined in the Agreement.

RESPONSE:

REQUEST FOR PRODUCTION NO. 5: Produce all communications between You and any person related to the allegations in this lawsuit.

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT - 8

GARVEY SCHUBERT BARER, P.C.
*eighteenth floor*
*1191 second avenue*
*seattle, washington 98101-2939*
*(206) 464-3939*

RESPONSE:

REQUEST FOR PRODUCTION NO. 6: Produce all communications with Nival employees or agents, including but not limited to emails and text messages, related to Nival's development of the Product, as defined in the Agreement.

RESPONSE:

REQUEST FOR PRODUCTION NO. 7: Produce all communications with third parties, including but not limited to emails and text messages, related to Nival's development of the Product, as defined in the Agreement.

RESPONSE:

REQUEST FOR PRODUCTION NO. 8: Produce timesheets and any other data recording time spent by Nival employees or agents developing the Product.

RESPONSE:

REQUEST FOR PRODUCTION NO. 9: Produce balance sheets, income statements, profit and loss statements, and any other corporate financial statements from January 2018 through the present.

RESPONSE:

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT - 9

GARVEY SCHUBERT BARER, P.C.
*eighteenth floor*
*1191 second avenue*
*seattle, washington 98101-2939*
*(206) 464-3939*

REQUEST FOR PRODUCTION NO. 10: Produce documents sufficient to identify every company with which Nival has performed video game development services, and each specific project Nival has worked on from January 1, 2018 through the present.

RESPONSE:

REQUEST FOR PRODUCTION NO. 11: Produce all documents related to Nival's work on a purported Beta-stage Product, as defined in the Agreement.

RESPONSE:

DATED this ___ day of August, 2019.

GARVEY SCHUBERT BARER

By _____
Diana S. Breaux, WSBA #43303
Garvey Schubert Barer, P.C.
1191 Second Avenue, Suite 1800
Seattle, WA 98101
(206) 464-3939
dbreaux@gsblaw.com
*Attorneys for Plaintiff*

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT - 10

GARVEY SCHUBERT BARER, P.C.
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
(206) 464-3939

## CR 26(g) CERTIFICATE OF ATTORNEY

I have read the answers and responses to Plaintiff tinyBuild LLC's First Interrogatories and Requests for Production of Documents to Defendant and, to the best of my knowledge, information and belief formed after a reasonable inquiry, those answers and responses are: 1) consistent with the Civil Rules and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; 2) not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation, and 3) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount of controversy, and the importance of the issues at stake in the litigation.

DATED this _____ day of _____, 2019.

By:_____

## PARTY VERIFICATION

I, _____, have read the foregoing answers and responses to Plaintiff tinyBuild LLC's First Interrogatories and Requests for Production of Documents to Defendant and believe them to be true and correct.

DATED this _____ day of _____, 2019.

By:_____

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT - 11

GARVEY SCHUBERT BARER, P.C.
*eighteenth floor*
*1191 second avenue*
*seattle, washington 98101-2939*
*(206) 464-3939*

# CERTIFICATE OF SERVICE

I, Kelly M. Mueller, certify under penalty of perjury under the laws of the State of Washington that on August 8, 2019, I caused the foregoing plaintiff's FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT to be served on the person(s) identified below in the manner shown:

| | |
|---|---|
| Valentin Gurvits, MA Bar # 643572<br>Boston Law Group, PC<br>825 Beacon Street, Suite 20<br>Newton Centre, MA  02459<br>Tel: (617) 928-1804<br>vgurvits@bostonlawgroup.com<br>*Attorneys for Nival International Limited* | ☒ United States Mail, First Class<br>☒ Via Email<br>☐ By Legal Messenger<br>☐ By KCSC E-Service |
| Matthew Shayefar, CA Bar #289685<br>Boston Law Group, PC<br>925 N. La Brea Ave.<br>West Hollywood, CA  90038<br>Tel: (617) 928-1804<br>matt@bostonlawgroup.com<br>*Attorneys for Nival International Limited* | ☒ United States Mail, First Class<br>☒ Via Email<br>☐ By Legal Messenger<br>☐ By E-Service |
| Philip P. Mann, WSBA No. 28860<br>Mann Law Group PLLC<br>107 Spring St.<br>Seattle, WA  98104<br>Tel: (206) 463-0900<br>phil@mannlawgroup.com<br>*Attorneys for Nival International Limited* | ☒ United States Mail, First Class<br>☒ Via Email<br>☐ By Legal Messenger<br>☐ By E-Service |

Dated at Seattle, Washington, this 8th day of August, 2019.

*[signature]*

Kelly M. Mueller, Legal Assistant
Garvey Schubert Barer, P.C.
1191 Second Avenue, Suite 1800
Seattle, WA  98101
(206) 464-3939
kmueller@gsblaw.com

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT - 12

GARVEY SCHUBERT BARER, P.C.
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
(206) 464-3939