# EXHIBIT D

THE HONORABLE THOMAS S. ZILLY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| tinyBuild LLC, | Case No.:  19-cv-00805-TSZ |
| Plaintiff/Counterclaim Defendant, | **NIVAL INTERNATIONAL LIMITED'S AMENDED OBJECTIONS AND RESPONSES TO TINYBUILD LLC'S INTERROGATORIES AND REQUESTS FOR DOCUMENTS** |
| v. | |
| Nival International Limited | |
| Defendant/Counterclaim Plaintiff. | |

**<u>NIVAL INTERNATIONAL LIMITED'S
AMENDED
OBJECTIONS AND RESPONSES TO TINYBUILD LLC'S
INTERROGATORIES AND REQUESTS FOR DOCUMENTS</u>**

Boston Law Group, PC
825 Beacon Street, Suite 20, Newton MA 02459
617-928-1800

1

## **INTERROGATORIES**

2    Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant

3  Nival International Limited ("Nival") hereby responds to Plaintiff tinyBuild LLC's

4  ("TinyBuild") First Interrogatories (the "Interrogatories").  Nival's failure to object

5  to a particular Interrogatory or willingness to respond to an Interrogatory is not,

6  and shall not be construed as, an admission of the relevance or admissibility into

7  evidence of any such response or that the purported factual premise for any

8  Interrogatory is valid or accurate.  The inadvertent production of any privileged

9  information shall not be deemed to be a waiver of any applicable privilege with

10  respect to such response or with respect to any other response.

11    The responses herein are made subject to all appropriate objections

12  (including, but not limited to, objections as to confidentiality, relevancy, propriety

13  and admissibility), which would require the exclusion of any statement contained

14  herein if answered by a witness present and testifying in court.  All such objections

15  and grounds are reserved and may be interposed at the time of trial or otherwise.

16    Nival has not yet completed its investigation of the facts relating to this

17  action; has not yet interviewed all witnesses in this action; has not yet completed

18  its discovery in this action; and has not yet completed its preparation for trial.

19  Consequently, the following responses are given without prejudice to Nival's right

20  to produce, at time of trial, subsequently discovered evidence relating to proof of

21  presently known material facts and to produce all evidence, whenever discovered,

22  relating to the proof of subsequently discovered material facts.

23    All the responses contained herein are based only upon such information and

24  documents that are presently available to and specifically known to Nival and the

25  responses disclose only those contentions which presently occur to Nival.  As

26  discovery proceeds, witnesses, facts and evidence may be discovered that are not

27  set forth herein, but which may have been responsive to a discovery request.

28

Furthermore, facts and evidence now known may be imperfectly understood and, accordingly, such facts and evidence may, in good faith, not be included in the following responses.  It is anticipated that further discovery, independent investigation, legal research and analysis will result in additional facts, added meaning to known facts, and entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to or modifications to the responses set forth herein.  Accordingly, the following responses are given without prejudice to Nival's right to make changes to any and all answers herein as additional facts are ascertained, analyses are made, research is performed and contentions made.  Notwithstanding the foregoing, the responses contained herein are made in a good faith effort to supply as much factual information and as much specificity as is presently known and responsive to the request.  Nonetheless, Nival assumes no obligation to voluntarily supplement or amend these responses to reflect witnesses, facts or evidence following the service of these responses

## **Specific Objections and Responses to Interrogatories**

**Interrogatory No. 1**:     Identify all persons with knowledge of the facts alleged in the Complaint, including but not limited to each individual who performed work on the "Product," as defined in the Agreement, and for each such person identify the subject(s) of their knowledge.

Objections:  Nival objects to this Interrogatory to the extent that it seeks information that is protected from discovery or disclosure by virtue of the right to privacy or which constitutes confidential information, proprietary information, or trade secrets, or which are otherwise protected from disclosure or discovery pursuant to case law, statute, regulation or order and will not produce any such information absent an appropriate protective order governing the use of

confidential material in this litigation is entered by the Court.  Without waiving, and subject to, the foregoing objections, Nival responds as follows:

Response:

1.        Alex Nichiporchik, a co-founder of Plaintiff tinyBuild LLC ("tinyBuild") and a manager/governor of tinyBuild, is expected to have information regarding communications between the parties, the performance of both parties under the agreement, and payments made under the agreement. Address: c/o Garvey Schubert Barer P.C., 1191 Second Ave., Seattle, WA 98101.

2.        Andrei Podoprigora, an employee of Plaintiff tinyBuild, is expected to have information regarding communications between the parties and the performance of both parties under the agreement. Address: c/o Garvey Schubert Barer P.C., 1191 Second Ave., Seattle, WA 98101

3.        Luke Burtis a co-founder of Plaintiff tinyBuild and a manager/governor of tinyBuild, is expected to have information regarding communications between the parties, the performance of both parties under the agreement, and payments made under the agreement. Address: c/o Garvey Schubert Barer P.C., 1191 Second Ave., Seattle, WA 98101

4.        Antonio Assenza, an employee of Plaintiff tinyBuild, is expected to have information regarding communications between the parties and the performance of both parties under the agreement. Address: c/o Garvey Schubert Barer P.C., 1191 Second Ave., Seattle, WA 98101.

5.        Sergey Orlovskiy, founder and CEO of Nival, has information regarding communications between the parties, the performance of both parties under the agreement, and payments made under the agreement.  Address: c/o Boston Law Group, PC, 825 Beacon Street, Ste. 20, Newton Centre, MA 02459.

6.        Ilya Yakimov, CFO of Nival, has information regarding communications between the parties, the performance of both parties under the

1   agreement, and payments made under the agreement. Address: c/o Boston Law
2   Group, PC, 825 Beacon Street, Ste. 20, Newton Centre, MA 02459.

3   　　　　7.　　　Alexander Myasischev, employee of Nival, has information regarding
4   communications between the parties, the performance of both parties under the
5   agreement. Address: c/o Boston Law Group, PC, 825 Beacon Street, Ste. 20,
6   Newton Centre, MA 02459

7   　　　　8.　　　Saavas Petras, independent video game designer who was contracted
8   to design the game at issue in the agreement, has information regarding the
9   performance of the parties under the agreement.  Address: Steliou Kotiadi 7, 3rd
10  Floor, Greece, 85100.

11

12  　　　　**Interrogatory No. 2**:　　　Identify all persons who have been granted access
13  to any source code related to the "Product," as defined in the Agreement.

14  　　　　Objections:

15  　　　　(a)　　　Nival objects to this request in its entirety on the basis that it seeks
16  documents or information that are neither relevant to the subject matter of this
17  action nor calculated to lead to the discovery of admissible evidence.  None of the
18  claims or defenses in this matter in any way depend on who had access to the
19  source code related to the Product and why they had access.  Each Party's causes
20  of action arise out of claims that the other did not perform under the Agreement,
21  and no allegations or affirmative defenses in this action relate to who or why any
22  person had access to any source code.  Who had access to the source code is
23  wholly irrelevant to this action and could not lead to the discovery of admissible
24  evidence.

25  　　　　(b)　　　Nival objects to this Interrogatory to the extent that it seeks
26  information that is protected from discovery or disclosure by virtue of the right to
27  privacy or which constitutes confidential information, proprietary information, or

28

trade secrets, or which are otherwise protected from disclosure or discovery pursuant to case law, statute, regulation or order and will not produce any such information absent an appropriate protective order governing the use of confidential material in this litigation is entered by the Court. Specifically, TinyBuild is a competitor of Nival and Nival considers the names and contact information of its personnel, and the specific work that they do on a project, to be confidential and proprietary information. TinyBuild could use this information to solicit Nival's personnel. The disclosure of this information to TinyBuild would cause damage to Nival. Given that the information is also wholly irrelevant (see above objection), it is apparent that TinyBuild requests this information for no other purpose but to harass and damage Nival.

On the basis of the foregoing, Nival will not respond to this Interrogatory. However, in the event that the Court should find that the information requested is discoverable, Nival will only produce the responsive information subject to a protective order under an "attorneys' eyes only" designation.

**Interrogatory No. 3**:     With respect to every person identified in response to Interrogatory No. 2, identify the circumstances by which they were given access to Product source code, and the reason why they were given such access.

Objections:

(a)     Nival objects to this request in its entirety on the basis that it seeks documents or information that are neither relevant to the subject matter of this action nor calculated to lead to the discovery of admissible evidence. None of the claims or defenses in this matter in any way depend on who had access to the source code related to the Product and why they had access. Each Party's causes of action arise out of claims that the other did not perform under the Agreement, and no allegations or affirmative defenses in this action relate to who or why any

person had access to any source code.  Who had access to the source code is wholly irrelevant to this action and could not lead to the discovery of admissible evidence.

(b)     Nival objects to this Interrogatory to the extent that it seeks information that is protected from discovery or disclosure by virtue of the right to privacy or which constitutes confidential information, proprietary information, or trade secrets, or which are otherwise protected from disclosure or discovery pursuant to case law, statute, regulation or order and will not produce any such information absent an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.  Specifically, TinyBuild is a competitor of Nival and Nival considers the names and contact information of its personnel, and the specific work that they do on a project, to be confidential and proprietary information.  TinyBuild could use this information to solicit and harass Nival's personnel.  The disclosure of this information to TinyBuild would cause damage to Nival.  Given that the information is also wholly irrelevant (see above objection), it is apparent that TinyBuild requests this information for no other purpose but to harass and damage Nival.

On the basis of the foregoing, Nival will not respond to this Interrogatory. However, in the event that the Court should find that the information requested is discoverable, Nival will only produce the responsive information subject to a protective order under an "attorneys' eyes only" designation.

As to all objections:

_____          September 24, 2019

Matthew Shayefar, Esq.               Date

1

## **Party Verification**

2

3       I, on behalf of Nival International Limited, have read the foregoing answers

and responses to tinyBuild LLC's First Interrogatories and believe them to be true

4

and correct.

5

6       _____          _8th September 2019_

7   By: _Ilya Takimov_                    Date

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Nival International Limited's
Responses to Discovery

Boston Law Group, PC
825 Beacon Street, Suite 20, Newton MA 02459
617-928-1800

1

## REQUESTS FOR PRODUCTION OF DOCUMENTS

2
3
4
5
6
7
8
9
10
11

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Nival International Limited ("Nival"), by and through its undersigned counsel, hereby responds to Plaintiff tinyBuild LLC's ("tinyBuild") First Requests for Production of Documents (the "Requests").  Nival's failure to object to a particular Request or willingness to respond to a Request is not, and shall not be construed as, an admission of the relevance or admissibility into evidence of any such response or that the purported factual premise for any Request is valid or accurate. The inadvertent production of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such response or with respect to any other response.

12
13
14
15
16

Each response is subject to all appropriate objections (including, but not limited to, objections as to confidentiality, relevancy, propriety, and admissibility), which would require the exclusion of any document produced herewith if submitted at trial.  All such objections and grounds are reserved and may be interposed at the time of trial or otherwise.

17
18
19
20
21
22
23

Nival has not yet completed its investigation of the facts relating to this action; has not yet interviewed all witnesses in this action; has not yet completed its discovery in this action; and has not yet completed its preparation for trial. Consequently, the following responses are given without prejudice to Nival's right to produce, at time of trial, subsequently discovered documents relating to proof of presently known material facts and to produce all evidence, whenever discovered, relating to the proof of subsequently discovered material facts.

24
25
26
27

All the responses contained herein are based only upon such information and documents that are presently available to and specifically known to Nival and the responses disclose only those contentions which presently occur to Nival.  As discovery proceeds, documents may be discovered that are not set forth herein, but

28

which may have been responsive to a discovery request.  Furthermore, facts and evidence now known may be imperfectly understood and, accordingly, documents may, in good faith, not be included in the following responses.  It is anticipated that further discovery, independent investigation, legal research and analysis will result in additional facts, added meaning to known facts, and entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to or modifications to the responses set forth herein and documents produced herewith.  Accordingly, the following responses are given without prejudice to Nival's right to make changes to any and all answers herein as additional facts are ascertained, analyses are made, research is performed and contentions made. Notwithstanding the foregoing, the responses contained herein are made in a good faith effort to supply as much factual information and as much specificity as is presently known and responsive to the Request.

**Request for Production No. 1**:       Produce all documents identified or referenced in response to any of the above interrogatories.

Response:    No documents were referenced or identified in response to any of the above interrogatories.  Accordingly, no documents can be produced.  Nival reserves the right to lodge objections to this request if at any time the request could possibly refer to any documents.

**Request for Production No. 2**:       Produce all documents related to the drafting and execution of the Agreement, including drafts and communications about the Agreement's terms.

Objections and Response:

1       (a)    Nival objects to this request to the extent that it seeks information or

2   documents protected by any privilege, including, without limitation, the attorney-

3   client privilege or the attorney work product doctrine.

4       (b)    Nival objects to this request to the extent that it seeks information or

5   documents that are protected from discovery or disclosure by virtue of the right to

6   privacy, constitute confidential information, proprietary information, or trade

7   secrets, or which are otherwise protected from discovery or disclosure pursuant to

8   case law, statute, regulation or order and will not produce any such information

9   absent an appropriate protective order governing the use of confidential material in

10  this litigation is entered by the Court.  Such documents may include information

11  deemed confidential or proprietary to Nival, including, without limitation, internal

12  marketing and pricing models and operational information.

13      Without waiving, and subject to, the foregoing objections, Nival will

14  produce copies of relevant and non-privileged responsive documents in its

15  possession, custody or control.  Any confidential information will be produced

16  subject to the entry of a protective order.

17

18      **Request for Production No. 3**:    Produce all communications between

19  You and Savvas Petras.

20      <u>Objections and Response</u>:

21      (a)    Nival objects to this request to the extent that it seeks information or

22  documents that are protected from discovery or disclosure by virtue of the right to

23  privacy, constitute confidential information, proprietary information, or trade

24  secrets, or which are otherwise protected from discovery or disclosure pursuant to

25  case law, statute, regulation or order and will not produce any such information

26  absent an appropriate protective order governing the use of confidential material in

27  this litigation is entered by the Court.

28

Nival International Limited's
Amended Responses to Discovery     11

Boston Law Group, PC
825 Beacon Street, Suite 20, Newton MA 02459
617-928-1800

Without waiving, and subject to, the foregoing objections, Nival will produce copies of relevant and non-privileged responsive documents in its possession, custody or control.  Any confidential information will be produced subject to the entry of a protective order.

**Request for Production No. 4**:          Produce all financial records and other documents reflecting costs or expenses incurred by Nival in connection with the Product, as defined in the Agreement.

Objections:

(a)     Nival objects to this request in its entirety on the basis that it seeks documents or information that are neither relevant to the subject matter of this action nor calculated to lead to the discovery of admissible evidence.  None of the claims or defenses in this matter in any way depend on the costs or expenses incurred by Nival in connection with the Product.  No portion of the Agreement takes into account Nival's costs or expenses incurred in connection with the Product.  No part of either Party's causes of action in any way reference or depend on Nival's costs or expenses incurred in connection with the Product.  The amounts to be paid to Nival pursuant to the Agreement do not factor in Nival's costs or expenses.  Nival's costs and expenses incurred are wholly irrelevant to this action and could not lead to the discovery of admissible evidence.

(b)     Nival objects to this request to the extent that it seeks information that is protected from discovery or disclosure by virtue of the right to privacy or which constitutes confidential information, proprietary information, or trade secrets, or which are otherwise protected from disclosure or discovery pursuant to case law, statute, regulation or order and will not produce any such information absent an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.  Specifically, TinyBuild is a competitor of Nival

and Nival considers its internal finances, including costs and expenses incurred in connection with the work that it does, to be confidential and proprietary information. TinyBuild could use this information to replicate Nival's business practices and improperly compete with Nival. The disclosure of this information to TinyBUild would cause damage to Nival. Given that the information is also wholly irrelevant (see above objection), it is apparent that TinyBuild requests this information for no other purpose but to harass and damage Nival.

On the basis of the foregoing, Nival will not respond to this request. However, in the event that the Court should find that the documents requested are discoverable, Nival will only produce the responsive documents subject to a protective order under an "attorneys' eyes only" designation.

**Request for Production No. 5:**    Produce all communications between You and any person related to the allegations in this lawsuit.

Objections and Response:

(a)    Nival objects to this request to the extent that it seeks information or documents protected by any privilege, including, without limitation, the attorney-client privilege or the attorney work product doctrine.

(b)    Nival objects to this request to the extent that it seeks information or documents that are protected from discovery or disclosure by virtue of the right to privacy, constitute confidential information, proprietary information, or trade secrets, or which are otherwise protected from discovery or disclosure pursuant to case law, statute, regulation or order and will not produce any such information absent an appropriate protective order governing the use of confidential material in this litigation is entered by the Court (the requested communications may contain information considered confidential or proprietary to Nival, including, without

1  limitation, the names of Nival personnel, the internal business practices of Nival,

2  and the internal financial information of Nival).

3      Without waiving, and subject to, the foregoing objections, Nival will

4  produce copies of relevant and non-privileged responsive documents in its

5  possession, custody or control.  Any confidential information will be produced

6  subject to the entry of a protective order.

7

8      **Request for Production No. 6**:      Produce all communications with

9  Nival employees or agents, including but not limited to emails and text messages,

10  related to Nival's development of the Product, as defined in the Agreement.

11      Objections and Response:

12      (a)     Nival objects to this request to the extent that it seeks information or

13  documents protected by any privilege, including, without limitation, the attorney-

14  client privilege or the attorney work product doctrine.

15      (b)     Nival objects to this request to the extent that it seeks information or

16  documents that are protected from discovery or disclosure by virtue of the right to

17  privacy, constitute confidential information, proprietary information, or trade

18  secrets, or which are otherwise protected from discovery or disclosure pursuant to

19  case law, statute, regulation or order and will not produce any such information

20  absent an appropriate protective order governing the use of confidential material in

21  this litigation is entered by the Court (the requested communications may contain

22  information considered confidential or proprietary to Nival, including, without

23  limitation, the names of Nival personnel, the internal business practices of Nival,

24  and the internal financial information of Nival).

25      Without waiving, and subject to, the foregoing objections, Nival will

26  produce copies of relevant and non-privileged responsive documents in its

27

28

Nival International Limited's
Amended Responses to Discovery

14

Boston Law Group, PC
825 Beacon Street, Suite 20, Newton MA 02459
617-928-1800

1  possession, custody or control.  Any confidential information will be produced

2  subject to the entry of a protective order.

3

4  **Request for Production No. 7**:         Produce all communications with

5  third parties, including but not limited to emails and text messages, related to

6  Nival's development of the Product, as defined in the Agreement.

7  Objections and Response:

8  (a)    Nival objects to this request to the extent that it seeks information or

9  documents protected by any privilege, including, without limitation, the attorney-

10  client privilege or the attorney work product doctrine.

11  (b)    Nival objects to this request to the extent that it seeks information or

12  documents that are protected from discovery or disclosure by virtue of the right to

13  privacy, constitute confidential information, proprietary information, or trade

14  secrets, or which are otherwise protected from discovery or disclosure pursuant to

15  case law, statute, regulation or order and will not produce any such information

16  absent an appropriate protective order governing the use of confidential material in

17  this litigation is entered by the Court (the requested communications may contain

18  information considered confidential or proprietary to Nival, including, without

19  limitation, the names of Nival personnel, the internal business practices of Nival,

20  and the internal financial information of Nival).

21  Without waiving, and subject to, the foregoing objections, Nival will

22  produce copies of relevant and non-privileged responsive documents in its

23  possession, custody or control.  Any confidential information will be produced

24  subject to the entry of a protective order.

25

26  **Request for Production No. 8:**         Produce timesheets and any other data

27  recording time spent by Nival employees or agents developing the Product.

28

Nival International Limited's
Amended Responses to Discovery

15

Objections:

(a)     Nival objects to this request in its entirety on the basis that it seeks documents or information that are neither relevant to the subject matter of this action nor calculated to lead to the discovery of admissible evidence.  None of the claims or defenses in this matter in any way depend on the time sheets or other data recording time spent by Nival employees or agents developing the Product. No portion of the amount to be paid by TinyBuild to Nival under the Agreement takes into account the time spent by Nival employees (or other expenses or costs incurred by Nival).  No part of either Party's causes of action take into account such time, nor do either Party's affirmative defenses.  The time spent by Nival's employees or agents are wholly irrelevant to this action and could not lead to the discovery of admissible evidence.

(b)     Nival objects to this request to the extent that it seeks information that is protected from discovery or disclosure by virtue of the right to privacy or which constitutes confidential information, proprietary information, or trade secrets, or which are otherwise protected from disclosure or discovery pursuant to case law, statute, regulation or order and will not produce any such information absent an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.  Specifically, TinyBuild is a competitor of Nival and Nival considers its internal operating documents and information regarding its personnel to be confidential and proprietary information.  TinyBuild could use this information to replicate Nival's business practices and improperly compete with Nival.  TinyBuild could use this information to solicit and harass Nival's personnel.  The disclosure of this information to TinyBUild would cause damage to Nival.  Given that the information is also wholly irrelevant (see above objection), it is apparent that TinyBuild requests this information for no other purpose but to harass and damage Nival.

On the basis of the foregoing, Nival will not respond to this request. However, in the event that the Court should find that the documents requested are discoverable, Nival will only produce the responsive documents subject to a protective order under an "attorneys' eyes only" designation.

**Request for Production No. 9:**     Produce balance sheets, income statements, profit and loss statements, and any other corporate financial statements from January 2018 through the present.

Objections:

(a)     Nival objects to this request in its entirety on the basis that it seeks documents or information that are neither relevant to the subject matter of this action nor calculated to lead to the discovery of admissible evidence.  None of the claims or defenses in this matter in any way depend on Nival's balances, income, profits or losses or any other corporate financial information.  No portion of the Agreement takes into account Nival's financial information.  No part of either Party's causes of action in any way reference or depend on Nival's financial information or status, nor do any Party's affirmative defenses.  The amounts to be paid to Nival pursuant to the Agreement do not depend in any manner on Nival's financial status.  Nival's financial information is wholly irrelevant to this action and could not lead to the discovery of admissible evidence.

(b)     Nival objects to this request to the extent that it seeks information that is protected from discovery or disclosure by virtue of the right to privacy or which constitutes confidential information, proprietary information, or trade secrets, or which are otherwise protected from disclosure or discovery pursuant to case law, statute, regulation or order and will not produce any such information absent an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.  Specifically, TinyBuild is a competitor of Nival

and Nival considers its internal financial information to be confidential and proprietary information.  TinyBuild could use this information to replicate Nival's business practices and improperly compete with Nival.  The disclosure of this information to TinyBuild would cause damage to Nival.  Given that the information is also wholly irrelevant (see above objection), it is apparent that TinyBuild requests this information for no other purpose but to harass and damage Nival.

On the basis of the foregoing, Nival will not respond to this request. However, in the event that the Court should find that the documents requested are discoverable, Nival will only produce the responsive documents subject to a protective order under an "attorneys' eyes only" designation.

**Request for Production No. 10:**       Produce documents sufficient to identify every company with which Nival has performed video game development services, and each specific project Nival has worked on from January 1, 2018 to the present.

Objections:

(a)     Nival objects to this request in its entirety on the basis that it seeks documents or information that are neither relevant to the subject matter of this action nor calculated to lead to the discovery of admissible evidence.  None of the claims or defenses in this matter in any way depend on Nival's other customers or affiliates, regardless of the time period in which Nival worked with them.  There are no allegations in either Party's causes of action or their affirmative defenses that could ever possibly relate to the other company's with which Nival has performed video game development services.  It is wholly irrelevant what other projects Nival has worked on.  This action relates only to the specific project to be worked on between the Parties in this action, and no other.  The amounts to be paid

to Nival pursuant to the Agreement does not depend on what other projects Nival was involved with.  The requested information is wholly irrelevant to this action and could not lead to the discovery of admissible evidence.

(b)     Nival objects to this request to the extent that it seeks information that is protected from discovery or disclosure by virtue of the right to privacy or which constitutes confidential information, proprietary information, or trade secrets, or which are otherwise protected from disclosure or discovery pursuant to case law, statute, regulation or order and will not produce any such information absent an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.  Specifically, TinyBuild is a competitor of Nival and Nival considers the other persons for whom it performs services for to be confidential and proprietary information.  TinyBuild could use this information to replicate Nival's business practices, solicit Nival's affiliates, harass Nival's affiliates, interfere with Nival's relationships with its affiliates, and otherwise improperly compete with Nival.  The disclose of this information to TinyBuild would cause damage to Nival.  Given that the information is also wholly irrelevant (see above objection), it is apparent that TinyBuild requests this information for no other purpose but to harass and damage Nival.

On the basis of the foregoing, Nival will not respond to this request. However, in the event that the Court should find that the documents requested are discoverable, Nival will only produce the responsive documents subject to a protective order under an "attorneys' eyes only" designation.

**Request for Production No. 11:**     Produce all documents related to Nival's work on a purported Beta-stage Product, as defined in the Agreement.

Objections:

(a)      Nival objects to this request to the extent that it seeks information or documents that are protected from discovery or disclosure by virtue of the right to privacy, constitute confidential information, proprietary information, or trade secrets, or which are otherwise protected from discovery or disclosure pursuant to case law, statute, regulation or order and will not produce any such information absent an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

Without waiving, and subject to, the foregoing objections, Nival will produce copies of relevant and non-privileged responsive documents in its possession, custody or control.  Any confidential information will be produced subject to the entry of a protective order.

Dated:          September 24, 2019               /s/ Matthew Shayefar
                                                 Matthew Shayefar, Esq.

## __Certificate of Service__

I hereby certify that on the date indicated below I electronically served the foregoing document via email on the persons identified below.

Dated:          September 24, 2019                    /s/ Matthew Shayefar

**Service List:**

Diana S. Breaux
Garvey Schubert Barer, P.C.
1191 Second Ave., 18th Floor
Seattle, WA 98101
dbreaux@gsblaw.com

John B. Crosetto
Garvey Schubert Barer, P.C.
1191 Second Ave., 18th Floor
Seattle, WA 98101
jcrosetto@gsblaw.com