# EXHIBIT E

THE HONORABLE THOMAS S. ZILLY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| tinyBuild LLC,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>Nival International Limited<br><br>    Defendant/Counterclaim Plaintiff. | Case No.: 19-cv-00805-TSZ<br><br>**NIVAL INTERNATIONAL LIMITED'S OBJECTIONS AND RESPONSES TO TINYBUILD LLC'S INTERROGATORIES AND REQUESTS FOR DOCUMENTS** |

**NIVAL INTERNATIONAL LIMITED'S
OBJECTIONS AND RESPONSES TO TINYBUILD LLC'S
INTERROGATORIES AND REQUESTS FOR DOCUMENTS**

Nival International Limited's
Responses to Discovery

1

Boston Law Group, PC
825 Beacon Street, Suite 20, Newton MA 02459
617-928-1800

# INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Nival International Limited ("Nival") hereby responds to Plaintiff tinyBuild LLC's ("TinyBuild") First Interrogatories (the "Interrogatories"). Nival's failure to object to a particular Interrogatory or willingness to respond to an Interrogatory is not, and shall not be construed as, an admission of the relevance or admissibility into evidence of any such response or that the purported factual premise for any Interrogatory is valid or accurate. The inadvertent production of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such response or with respect to any other response.

The responses herein are made subject to all appropriate objections (including, but not limited to, objections as to confidentiality, relevancy, propriety and admissibility), which would require the exclusion of any statement contained herein if answered by a witness present and testifying in court. All such objections and grounds are reserved and may be interposed at the time of trial or otherwise.

Nival has not yet completed its investigation of the facts relating to this action; has not yet interviewed all witnesses in this action; has not yet completed its discovery in this action; and has not yet completed its preparation for trial. Consequently, the following responses are given without prejudice to Nival's right to produce, at time of trial, subsequently discovered evidence relating to proof of presently known material facts and to produce all evidence, whenever discovered, relating to the proof of subsequently discovered material facts.

All the responses contained herein are based only upon such information and documents that are presently available to and specifically known to Nival and the responses disclose only those contentions which presently occur to Nival. As discovery proceeds, witnesses, facts and evidence may be discovered that are not set forth herein, but which may have been responsive to a discovery request.

1 Furthermore, facts and evidence now known may be imperfectly understood and, accordingly, such facts and evidence may, in good faith, not be included in the following responses. It is anticipated that further discovery, independent investigation, legal research and analysis will result in additional facts, added meaning to known facts, and entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to or modifications to the responses set forth herein. Accordingly, the following responses are given without prejudice to Nival's right to make changes to any and all answers herein as additional facts are ascertained, analyses are made, research is performed and contentions made. Notwithstanding the foregoing, the responses contained herein are made in a good faith effort to supply as much factual information and as much specificity as is presently known and responsive to the request. Nonetheless, Nival assumes no obligation to voluntarily supplement or amend these responses to reflect witnesses, facts or evidence following the service of these responses

## Specific Objections and Responses to Interrogatories

**Interrogatory No. 1**: Identify all persons with knowledge of the facts alleged in the Complaint, including but not limited to each individual who performed work on the "Product," as defined in the Agreement, and for each such person identify the subject(s) of their knowledge.

Objections: Nival objects to this Interrogatory on the basis that it calls for a conclusion of law. Nival objects to this Interrogatory to the extent that it seeks information that is protected from discovery or disclosure by virtue of the right to privacy or which constitutes confidential information, proprietary information, or trade secrets, or which are otherwise protected from disclosure or discovery pursuant to case law, statute, regulation or order and will not produce any such

information absent an appropriate protective order governing the use of confidential material in this litigation is entered by the Court. Without waiving, and subject to, the foregoing objections, Nival responds as follows:

<u>Response</u>:

1. Alex Nichiporchik, a co-founder of Plaintiff tinyBuild LLC ("tinyBuild") and a manager/governor of tinyBuild, is expected to have information regarding communications between the parties, the performance of both parties under the agreement, and payments made under the agreement. Address: c/o Garvey Schubert Barer P.C., 1191 Second Ave., Seattle, WA 98101.

2. Andrei Podoprigora, an employee of Plaintiff tinyBuild, is expected to have information regarding communications between the parties and the performance of both parties under the agreement. Address: c/o Garvey Schubert Barer P.C., 1191 Second Ave., Seattle, WA 98101

3. Luke Burtis a co-founder of Plaintiff tinyBuild and a manager/governor of tinyBuild, is expected to have information regarding communications between the parties, the performance of both parties under the agreement, and payments made under the agreement. Address: c/o Garvey Schubert Barer P.C., 1191 Second Ave., Seattle, WA 98101

4. Antonio Assenza, an employee of Plaintiff tinyBuild, is expected to have information regarding communications between the parties and the performance of both parties under the agreement. Address: c/o Garvey Schubert Barer P.C., 1191 Second Ave., Seattle, WA 98101.

5. Sergey Orlovskiy, founder and CEO of Nival, has information regarding communications between the parties, the performance of both parties under the agreement, and payments made under the agreement. Address: c/o Boston Law Group, PC, 825 Beacon Street, Ste. 20, Newton Centre, MA 02459.

6. Ilya Yakimov, CFO of Nival, has information regarding communications between the parties, the performance of both parties under the agreement, and payments made under the agreement. Address: c/o Boston Law Group, PC, 825 Beacon Street, Ste. 20, Newton Centre, MA 02459.

7. Alexander Myasischev, employee of Nival, has information regarding communications between the parties, the performance of both parties under the agreement. Address: c/o Boston Law Group, PC, 825 Beacon Street, Ste. 20, Newton Centre, MA 02459

8. Savvas Petras, independent video game designer who was contracted to design the game at issue in the agreement, has information regarding the performance of the parties under the agreement.  Address: Steliou Kotiadi 7, 3rd Floor, Greece, 85100.

**Interrogatory No. 2**: Identify all persons who have been granted access to any source code related to the "Product," as defined in the Agreement.

Objections:  Nival objects to this request to the extent that it seeks information or documents protected by any privilege, including, without limitation, the attorney-client privilege or the attorney work product doctrine.  Nival objects to this Interrogatory to the extent that it seeks information that is protected from discovery or disclosure by virtue of the right to privacy or which constitutes confidential information, proprietary information, or trade secrets, or which are otherwise protected from disclosure or discovery pursuant to case law, statute, regulation or order and will not produce any such information absent an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.  Nival objects to this request in its entirety on the basis that it seeks documents or information that are neither relevant to the subject matter of this action nor calculated to lead to the discovery of admissible evidence.

Nival objects to this request on the basis that it is overbroad.  Nival objects to this request on the basis that it seeks information or documents that are within the custody, control or possession of the propounding party.

**Interrogatory No. 3**:   With respect to every person identified in response to Interrogatory No. 2, identify the circumstances by which they were given access to Product source code, and the reason why they were given such access.

Objections:  Nival objects to this request to the extent that it seeks information or documents protected by any privilege, including, without limitation, the attorney-client privilege or the attorney work product doctrine.  Nival objects to this Interrogatory to the extent that it seeks information that is protected from discovery or disclosure by virtue of the right to privacy or which constitutes confidential information, proprietary information, or trade secrets, or which are otherwise protected from disclosure or discovery pursuant to case law, statute, regulation or order and will not produce any such information absent an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.  Nival objects to this request in its entirety on the basis that it seeks documents or information that are neither relevant to the subject matter of this action nor calculated to lead to the discovery of admissible evidence.  Nival objects to this request on the basis that it is overbroad.  Nival objects to this request on the basis that it seeks information or documents that are within the custody, control or possession of the propounding party.

As to all objections:

_____        9-9-19
Matthew Shayefar, Esq.                            Date

**Party Verification**

I, on behalf of Nival International Limited, have read the foregoing answers and responses to tinyBuild LLC's First Interrogatories and believe them to be true and correct.

_____          8th September 2019
By: Ilya Tabinцas                        Date

Nival International Limited's                                  Boston Law Group, PC
Responses to Discovery                   825 Beacon Street, Suite 20, Newton MA 02459
                                   7                                   617-928-1800

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Nival International Limited ("Nival"), by and through its undersigned counsel, hereby responds to Plaintiff tinyBuild LLC's ("tinyBuild") First Requests for Production of Documents (the "Requests").  Nival's failure to object to a particular Request or willingness to respond to a Request is not, and shall not be construed as, an admission of the relevance or admissibility into evidence of any such response or that the purported factual premise for any Request is valid or accurate. The inadvertent production of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such response or with respect to any other response.

Each response is subject to all appropriate objections (including, but not limited to, objections as to confidentiality, relevancy, propriety, and admissibility), which would require the exclusion of any document produced herewith if submitted at trial.  All such objections and grounds are reserved and may be interposed at the time of trial or otherwise.

Nival has not yet completed its investigation of the facts relating to this action; has not yet interviewed all witnesses in this action; has not yet completed its discovery in this action; and has not yet completed its preparation for trial. Consequently, the following responses are given without prejudice to Nival's right to produce, at time of trial, subsequently discovered documents relating to proof of presently known material facts and to produce all evidence, whenever discovered, relating to the proof of subsequently discovered material facts.

All the responses contained herein are based only upon such information and documents that are presently available to and specifically known to Nival and the responses disclose only those contentions which presently occur to Nival.  As discovery proceeds, documents may be discovered that are not set forth herein, but

which may have been responsive to a discovery request. Furthermore, facts and evidence now known may be imperfectly understood and, accordingly, documents may, in good faith, not be included in the following responses. It is anticipated that further discovery, independent investigation, legal research and analysis will result in additional facts, added meaning to known facts, and entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to or modifications to the responses set forth herein and documents produced herewith. Accordingly, the following responses are given without prejudice to Nival's right to make changes to any and all answers herein as additional facts are ascertained, analyses are made, research is performed and contentions made. Notwithstanding the foregoing, the responses contained herein are made in a good faith effort to supply as much factual information and as much specificity as is presently known and responsive to the Request.

**Request for Production No. 1**: Produce all documents identified or referenced in response to any of the above interrogatories.

Response: No documents were referenced or identified in response to any of the above interrogatories. Accordingly, no documents can be produced. Nival reserves the right to lodge objections to this request if at any time the request could possibly refer to any documents.

**Request for Production No. 2**: Produce all documents related to the drafting and execution of the Agreement, including drafts and communications about the Agreement's terms.

Objections and Response: Nival objects to this request to the extent that it seeks information or documents protected by any privilege, including, without limitation, the attorney-client privilege or the attorney work product

Nival International Limited's
Responses to Discovery

Boston Law Group, PC
825 Beacon Street, Suite 20, Newton MA 02459
9
617-928-1800

doctrine.  Nival objects to this request to the extent that is seeks information or documents that are protected from discovery or disclosure by virtue of the right to privacy, constitute confidential information, proprietary information, or trade secrets, or which are otherwise protected from discovery or disclosure pursuant to case law, statute, regulation or order and will not produce any such information absent an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.  Nival objects to this request to the extent that it seeks documents or information that are neither relevant to the subject matter of this action nor calculated to lead to the discovery of admissible evidence.  Nival objects to this request on the basis that it is overbroad.  Nival objects to this Interrogatory on the basis that it calls for a conclusion of law.  Nival objects to this Request on the basis that it is ambiguous.

　　　　Without waiving, and subject to, the foregoing objections, Nival will produce copies of relevant and non-privileged responsive documents in its possession, custody or control.

**Request for Production No. 3**: Produce all communications between You and Savvas Petras.

<u>Objections</u>:  Nival objects to this request to the extent that is seeks information or documents that are protected from discovery or disclosure by virtue of the right to privacy, constitute confidential information, proprietary information, or trade secrets, or which are otherwise protected from discovery or disclosure pursuant to case law, statute, regulation or order and will not produce any such information absent an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.  Nival objects to this request to the extent that it seeks documents or information that are neither relevant

to the subject matter of this action nor calculated to lead to the discovery of admissible evidence.  Nival objects to this request on the basis that it is overbroad.

**Request for Production No. 4**: Produce all financial records and other documents reflecting costs or expenses incurred by Nival in connection with the Product, as defined in the Agreement.

Objections:  Nival objects to this request to the extent that it seeks information or documents protected by any privilege, including, without limitation, the attorney-client privilege or the attorney work product doctrine.  Nival objects to this request to the extent that is seeks information or documents that are protected from discovery or disclosure by virtue of the right to privacy, constitute confidential information, proprietary information, or trade secrets, or which are otherwise protected from discovery or disclosure pursuant to case law, statute, regulation or order and will not produce any such information absent an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.  Nival objects to this request to the extent that it seeks documents or information that are neither relevant to the subject matter of this action nor calculated to lead to the discovery of admissible evidence.  Nival objects to this request on the basis that it is overbroad.  Nival objects to this request on the basis that it is propounded for no reason except to harass and over-burden Nival.  Nival objects to this Request on the basis that it is ambiguous.  Nival objects to this Interrogatory on the basis that it calls for a conclusion of law.

**Request for Production No. 5**: Produce all communications between You and any person related to the allegations in this lawsuit.

Objections and Response:     Nival objects to this request to the extent that it seeks information or documents protected by any privilege, including, without limitation, the attorney-client privilege or the attorney work product

doctrine.  Nival objects to this request to the extent that is seeks information or documents that are protected from discovery or disclosure by virtue of the right to privacy, constitute confidential information, proprietary information, or trade secrets, or which are otherwise protected from discovery or disclosure pursuant to case law, statute, regulation or order and will not produce any such information absent an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.  Nival objects to this request to the extent that it seeks documents or information that are neither relevant to the subject matter of this action nor calculated to lead to the discovery of admissible evidence. Nival objects to this request on the basis that it is overbroad.  Nival objects to this Request on the basis that it is ambiguous.  Nival objects to this Interrogatory on the basis that it calls for a conclusion of law.

Without waiving, and subject to, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Nival will produce copies of relevant and non-privileged responsive documents in its possession, custody or control.

**Request for Production No. 6**: Produce all communications with Nival employees or agents, including but not limited to emails and text messages, related to Nival's development of the Product, as defined in the Agreement.

Objections:  Nival objects to this request to the extent that it seeks information or documents protected by any privilege, including, without limitation, the attorney-client privilege or the attorney work product doctrine.  Nival objects to this request to the extent that is seeks information or documents that are protected from discovery or disclosure by virtue of the right to privacy, constitute confidential information, proprietary information, or trade secrets, or which are otherwise protected from discovery or disclosure pursuant to case law, statute,

regulation or order and will not produce any such information absent an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.  Nival objects to this request to the extent that it seeks documents or information that are neither relevant to the subject matter of this action nor calculated to lead to the discovery of admissible evidence.  Nival objects to this request on the basis that it is overbroad.  Nival objects to this request on the basis that it is propounded for no reason except to harass and over-burden Nival.  Nival objects to this Interrogatory on the basis that it calls for a conclusion of law.  Nival objects to this Request on the basis that it is ambiguous.

**Request for Production No. 7**: Produce all communications with third parties, including but not limited to emails and text messages, related to Nival's development of the Product, as defined in the Agreement.

<u>Objections</u>:  Nival objects to this request to the extent that it seeks information or documents protected by any privilege, including, without limitation, the attorney-client privilege or the attorney work product doctrine.  Nival objects to this request to the extent that is seeks information or documents that are protected from discovery or disclosure by virtue of the right to privacy, constitute confidential information, proprietary information, or trade secrets, or which are otherwise protected from discovery or disclosure pursuant to case law, statute, regulation or order and will not produce any such information absent an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.  Nival objects to this request to the extent that it seeks documents or information that are neither relevant to the subject matter of this action nor calculated to lead to the discovery of admissible evidence.  Nival objects to this request on the basis that it is overbroad.  Nival objects to this request on the basis that it is propounded for no reason except to harass and over-burden

Nival.  Nival objects to this Interrogatory on the basis that it calls for a conclusion of law. Nival objects to this Request on the basis that it is ambiguous.

**Request for Production No. 8:** Produce timesheets and any other data recording time spent by Nival employees or agents developing the Product.

Objections:  Nival objects to this request to the extent that is seeks information or documents that are protected from discovery or disclosure by virtue of the right to privacy, constitute confidential information, proprietary information, or trade secrets, or which are otherwise protected from discovery or disclosure pursuant to case law, statute, regulation or order and will not produce any such information absent an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.  Nival objects to this request to the extent that it seeks documents or information that are neither relevant to the subject matter of this action nor calculated to lead to the discovery of admissible evidence.  Nival objects to this request on the basis that it is overbroad. Nival objects to this request on the basis that it is propounded for no reason except to harass and over-burden Nival.  Nival objects to this Interrogatory on the basis that it calls for a conclusion of law.  Nival objects to this Request on the basis that it is ambiguous.

**Request for Production No. 9:** Produce balance sheets, income statements, profit and loss statements, and any other corporate financial statements from January 2018 through the present.

Objections:  Nival objects to this request to the extent that is seeks information or documents that are protected from discovery or disclosure by virtue of the right to privacy, constitute confidential information, proprietary information, or trade secrets, or which are otherwise protected from discovery or disclosure

pursuant to case law, statute, regulation or order and will not produce any such information absent an appropriate protective order governing the use of confidential material in this litigation is entered by the Court. Nival objects to this request to the extent that it seeks documents or information that are neither relevant to the subject matter of this action nor calculated to lead to the discovery of admissible evidence. Nival objects to this request on the basis that it is overbroad. Nival objects to this request on the basis that it is propounded for no reason except to harass and over-burden Nival. Nival objects to this Request on the basis that it is ambiguous.

**Request for Production No. 10:** Produce documents sufficient to identify every company with which Nival has performed video game development services, and each specific project Nival has worked on from January 1, 2018 to the present.

Objections: Nival objects to this request to the extent that is seeks information or documents that are protected from discovery or disclosure by virtue of the right to privacy, constitute confidential information, proprietary information, or trade secrets, or which are otherwise protected from discovery or disclosure pursuant to case law, statute, regulation or order and will not produce any such information absent an appropriate protective order governing the use of confidential material in this litigation is entered by the Court. Nival objects to this request to the extent that it seeks documents or information that are neither relevant to the subject matter of this action nor calculated to lead to the discovery of admissible evidence. Nival objects to this request on the basis that it is overbroad. Nival objects to this request on the basis that it is propounded for no reason except to harass and over-burden Nival. Nival objects to this Request on the basis that it is ambiguous.

**Request for Production No. 11:** Produce all documents related to Nival's work on a purported Beta-stage Product, as defined in the Agreement.

<u>Objections</u>: Nival objects to this request to the extent that it seeks information or documents protected by any privilege, including, without limitation, the attorney-client privilege or the attorney work product doctrine. Nival objects to this request to the extent that is seeks information or documents that are protected from discovery or disclosure by virtue of the right to privacy, constitute confidential information, proprietary information, or trade secrets, or which are otherwise protected from discovery or disclosure pursuant to case law, statute, regulation or order and will not produce any such information absent an appropriate protective order governing the use of confidential material in this litigation is entered by the Court. Nival objects to this request to the extent that it seeks documents or information that are neither relevant to the subject matter of this action nor calculated to lead to the discovery of admissible evidence. Nival objects to this request on the basis that it is overbroad. Nival objects to this request on the basis that it is propounded for no reason except to harass and over-burden Nival. Nival objects to this Interrogatory on the basis that it calls for a conclusion of law. Nival objects to this Request on the basis that it is ambiguous.

Dated:       September  9 , 2019            /s/ Matthew Shayefar
                                            Matthew Shayefar, Esq.

# **Certificate of Service**

I hereby certify that on the date indicated below I electronically served the foregoing document via email on the persons identified below.

Dated: September 9, 2019          /s/ Matthew Shayefar

**Service List:**

Diana S. Breaux
Garvey Schubert Barer, P.C.
1191 Second Ave., 18th Floor
Seattle, WA 98101
dbreaux@gsblaw.com

John B. Crosetto
Garvey Schubert Barer, P.C.
1191 Second Ave., 18th Floor
Seattle, WA 98101
jcrosetto@gsblaw.com