THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| tinyBuild LLC,<br><br>　Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>Nival International Limited<br><br>　Defendant/Counterclaim Plaintiff. | Case No.: 19-cv-00805-TSZ<br><br>**MOTION TO STRIKE TINYBUILD'S OPPOSITION TO PROTECTIVE ORDER**<br><br>Noted for Consideration:<br>October 11, 2019 |

Defendant/Counterclaim Plaintiff Nival International Limited ("Nival"), by and through its undersigned counsel, hereby moves this honorable court to strike Plaintiff/Counterclaim Defendant tinyBuild LLC's ("tinyBuild") Opposition to Defendant's Motion for Protective Order (the "Opposition"), which was not timely filed, and which prejudiced Nival by not allowing sufficient time to reply to the Opposition prior to the Notice Date for Nival's Motion for Protective Order. Furthermore, in the event that the Court does not strike the Opposition, Nival briefly responds to some of the arguments set forth in the Opposition.

## I.     The Opposition Should be Struck for Being Untimely Filed

On Friday, September 27, 2019, Nival filed and served its Motion for Protective Order (the "Motion"), asking this Court to enter a protective order that would protect specific categories of confidential information of either party that may be disclosed during the course of discovery in this matter.  Docket No. 21. Pursuant to Local Rule 7(d)(2), motions for protective are "Second Friday Motions" and may be noted for consideration no earlier than the second Friday after filing and service of the motion.  Accordingly, Nival noted the Motion for consideration for Friday, October 11, 2019, which was the second Friday after Friday, September 27, 2019.  Docket No. 21.

In accordance with Local Rule 7(d)(2), tinyBuild's opposition, if any, must have been filed and received by Nival no later than the Wednesday before the noting date.  Specifically, tinyBuild was required to file and serve any opposition by Wednesday, October 9, 2019.  Though it is axiomatic that compliance with all deadlines is important, it is particularly important in this context given that the moving party has only until the noting date to file any reply to an opposition.  Even a timely filed opposition to a motion under Local Rule 7(d)(2) gives the moving party only two calendar days to file a reply.

tinyBuild filed no motion for relief from this deadline.  tinyBuild requested no extension to this deadline from Nival.  Notwithstanding the foregoing, tinyBuild filed its Opposition to the Motion on Thursday, October 10, 2019 at approximately 6:21pm.  The filing was late.  Moreover, if Nival was to try to comply with its own time limitations to file a reply, Nival would have had less than one day of substance to respond (half of what is permitted under the Local Rules), especially given that October 11, 2019 was the start of a long weekend encompassing Columbus Day and also coincided with the Jewish Holiday of Sukkot, celebrated

by Nival's counsel Matthew Shayefar.  Accordingly, Nival was prejudiced in being able to timely reply to the Opposition.

On account of the foregoing, Nival respectfully requests that this Honorable Court strike tinyBuild's Opposition in its entirety for being untimely filed.

## II.     Brief Response to tinyBuild's Arguments

In the event that the Court decides to consider the lately filed arguments of tinyBuild in its Opposition notwithstanding the foregoing, Nival hereby briefly responds to the substance of the arguments set forth in tinyBuild's Opposition:

**A.**     It is clear that a protective order is necessary in this case given that the Opposition confirms that the parties have already agreed that there exists confidential information on both sides that must be protected from disclosure.  For that reason, when they entered into the original Agreement that underlies this dispute, the Parties included a confidentiality clause in Section 11 of the Agreement.  Docket No. 11-1, p.6.  However, that confidentiality clause would not protect against disclosures made during the course of this litigation given that it only applies to disclosures made "in connection with the performance of this Agreement."  Accordingly, a disclosure made in connection with this litigation, which is not a disclosure made during the performance of the Agreement but instead about whether the parties actually performed under the Agreement, is not covered by the existing confidentiality clause of the Agreement.  Accordingly, a protective order is necessary to continue to protect the confidential information of *both* sides.

**B.**     tinyBuild improperly claims that there is a "heavy burden" to the issuance of a protective order to protect the rights of parties.  Protective Orders of this type are regularly granted at the discretion of the Court upon a lower standard showing of "good cause."  *See Philips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002).  Good cause exists because the parties

have already agreed that there exists confidential information of both sides that should not be made public, and further good cause has been shown because, as set forth in the Motion, tinyBuild is a competitor of Nival and is seeking from Nival wholly irrelevant information like financial information, employee information, and affiliate information which tinyBuild has no need for other than to either improperly compete with Nival or to harass Nival and its associates.  It is for this reason that the Ninth Circuit has granted broad discretion to district courts to enter protective orders, including protective orders with Attorneys' Eyes Only designations.[1]

  **C.** tinyBuild's argument that "Nival ignores that the claims in this lawsuit are directed entirely to a collaboration between the parties and the contract that governed that endeavor" is both irrelevant and misconstrues its own discovery requests because tinyBuild has propounded discovery requests that could not possibly be relevant to the collaboration between the parties or the contract.  For example, tinyBuild has requested Nival to "Produce balance sheets, income statements, profit and loss statements, and any other corporate financial statements

---

[1] *See Cabell v. Zorro Productions, Inc.*, 294 F.R.D. 604, 609-610 (W.D. Washington Oct. 2, 2013):

> A Court may enter a protective order providing "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed.R.Civ.P. 26(c)(1)(G).  The Ninth Circuit recognizes that district courts have great flexibility to protect documents that contain confidential or commercially sensitive information. *Id. See also*, *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir.2002) ("The law ... gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development or commercial information."). The district court has broad discretion to determine the appropriate degree of protection. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). The moving party bears the burden of demonstrating that "good cause" exists for a protective order to shield the subpoenaed party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Motion to Strike Opp. to Protective Order  Boston Law Group, PC
  825 Beacon Street, Suite 20, Newton MA 02459
4  617-928-1800

from January 2018 through the present." Docket No. 23-1, p. 9. Nothing about that request is directed towards the collaboration between the Parties nor the contract between them because Nival's finances are completely irrelevant to the Agreement between the Parties. tinyBuild also requested "documents sufficient to identify every company with which Nival has performed video game development services, and each specific project Nival has worked on from January 1, 2018 through the present." Docket No. 23-1, p. 10. tinyBuild is accordingly just wrong when it breathlessly claims that its discovery requests "are limited to only those that are connected with *the Product*." Opposition, p. 5.

**D.** It should further be noted that Nival does not intend and will not grant blanket designations of Attorneys' Eyes Only ("AEO") to the information and documents that it produces. As noted in the Motion, Nival has requested the Protective Order with an AEO option to protect only competitively sensitive information to the extent that it is produced. However, tinyBuild has refused to even acknowledge the possibility of any sort of AEO designation, making it impossible to come to any designation between that which is merely marked Confidential and that which is marked AEO. Accordingly, Nival has approached the Court pursuant to the Motion to confirm that the AEO designation is necessary, reasonable and should be implemented.

**E.** Nival hereby makes clear that it does not intend to designate any source code from the Project developed between the Parties as AEO. Accordingly, tinyBuild's argument that it would be required to retain third-party experts to review that code is simply unavailing.

**F.** tinyBuild's argument that Nival's definition of Confidential Information is overly broad because it covers "source code" is absurd given that tinyBuild itself has designated the same as confidential information under the Agreement and that tinyBuild itself would also benefit from it being designated as

confidential given that it argues it is the owner of the source code.  Given that tinyBuild claims that its damages depend on who Nival disclosed the source code to, it is difficult to understand how tinyBuild does not want that source code to be covered through the protective order from further disclosure.

### III.   Conclusion

On the basis of the foregoing, Nival respectfully requests that this Honorable Court strike tinyBuild's Opposition to Nival's Motion for Protective Order and that the Court enter the Protective Order as set forth in Nival's Motion for Protective Order.

Respectfully submitted,
Nival International Limited,
By its Attorneys,

/s/ Valentin Gurvits
Valentin Gurvits, Esq. (*pro hac vice*)
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel: 617-928-1804
Email: vgurvits@bostonlawgroup.com

Matthew Shayefar, Esq. (*pro hac vice*)
Boston Law Group, PC
925 N La Brea Ave
West Hollywood, California 90038
Tel: 617-928-1806
Email: matt@bostonlawgroup.com

Philip P. Mann, Esq. (WSBA No. 28860)
Mann Law Group PLLC
107 Spring Street
Seattle, Washington 98104
Tel: 206-463-0900
Email: phil@mannlawgroup.com

Dated: October 15, 2019

## Certificate of Service

I hereby certify on the date indicated below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties who have appeared in this matter.

Dated:       October 15, 2019            /s/ Philip P. Mann