1

2   THE HONORABLE THOMAS S. ZILLY

3

4

5

6

7

8   UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10  TINYBUILD LLC, a Washington limited
liability company,

11                                                NO.  2:19-cv-00805-TSZ

12                Plaintiff,                      PLAINTIFF'S OPPOSITION TO
                                                 DEFENDANT'S MOTION TO STRIKE
13        v.                                     AND CROSS MOTION TO EXTEND
                                                 DEADLINE
14  NIVAL INTERNATIONAL LIMITED, a
Cypriot corporation,                             NOTED ON MOTION CALENDAR:
                                                 FRIDAY, OCTOBER 25, 2019
15                Defendant.

16

17        Plaintiff tinyBuild LLC ("tinyBuild"), by and through its undersigned counsel, hereby

18  presents this Opposition to Defendant Nival International Limited's ("Nival") Motion to Strike

19  tinyBuild's Opposition to Protective Order and Cross Motion to Extend Deadline.  Due to an

20  inadvertent miscalculation, tinyBuild filed its Opposition to Nival's Motion for Protective

21  Order a day late.  Defendant's motion seeks to strike tinyBuild's opposition as untimely.

22  tinyBuild opposes that motion and, pursuant to Federal Rule of Civil Procedure 6(b)(1)(b),

23  respectfully requests that this Court, in its discretion, enter an order *nunc pro tunc,* that extends

24  the deadline for tinyBuild's opposition by one day so that its opposition can be received and

25  considered by the Court.

26

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
STRIKE AND CROSS MOTION TO EXTEND DEADLINE - 1

1

## I.   FACTS

2      The procedural facts relevant to this motion are as follows:  On September 27, 2018,

3   Nival filed a Motion for Protective Order, which was noted for consideration on October 11,

4   2019.  *See* Declaration of Diana S. Breaux, ¶ 2.  Due to inadvertent error in calculating the

5   deadline for tinyBuild's response, counsel for tinyBuild incorrectly believed that the filing

6   deadline was Thursday, October 10, and filed the opposition on that date.  In fact, as Nival

7   notes in its Motion to Strike, the deadline was Wednesday, October 9.  *See id*. at ¶ 3.

8      On October 15, 2019, four days after the noting date of its motion for protective order,

9   and five days after tinyBuild's admittedly tardy opposition, Nival filed its Motion to Strike

10   Opposition to Protective Order on October 15, 2019, citing tinyBuild's untimely filing and the

11   insufficient time for Nival to submit a reply before the noted date.  In its Motion to Strike,

12   Nival also replied to tinyBuild's Opposition.  *Id.*, at ¶4.

13

## II.   ARGUMENT

14      tinyBuild's twenty-four hour delay in filing its response to Nival's Motion for

15   Protective Order is the result of an excusable miscalculation, warranting extension.  Federal

16   Rules of Civil Procedure Rule 6(b) allows for the extension of time by the Court for good

17   cause.  Fed. R. Civ. P. 6(b)(1).  After the time for filing has expired, the Court may extend time

18   due to excusable neglect. Fed. R. Civ. P. 6(b)(1)(B); *see also In re Sheehan*, 253 F.3d 507 (9th

19   Cir. 2001).  Four factors are relevant to determine excusable neglect: (1) danger of prejudice to

20   the nonmoving party, (2) the length of delay and its potential impact on judicial proceedings,

21   (3) the reason for the delay, including whether it was within the reasonable control of the

22   moving party, and (4) whether the moving party acted in good faith.  *In re Sheehan*, 253 F.3d at

23   514.  Courts have used a flexible approach in analyzing good cause based on excusable neglect.

24   *See Pryor v. Aerotek Scientific, LLC*, 278 F.R.D. 516 (C.D. Cal. 2011) ("…it is clear that

25   'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to

26   omissions caused by circumstances beyond the control of the movant."), citing *Pioneer*

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
STRIKE AND CROSS MOTION TO EXTEND DEADLINE - 2

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:10584510.1

1  *Investment Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 392, 113 S.Ct.
2  1489 (1993)).

3      With this opposition and cross motion, tinyBuild respectfully requests a twenty-four
4  hour extension of time to respond to Nival's motion, *nunc pro tunc*, as tinyBuild satisfies all
5  four factors demonstrating excusable neglect warranting an extension.  The only prejudice that
6  Nival cited in its Motion to Strike was insufficient time to respond prior to the noting date,
7  which is now cured by Nival's instant motion, which included substantive argument in reply to
8  tinyBuild's opposition.  tinyBuild does not object to this filing, and if accepted as a reply brief,
9  tinyBuild's twenty-four hour delay has not prejudiced Nival.  Nival was still able to submit a
10  fully formed reply on October 15, 2019, two business days after the date noted for
11  consideration and three business days after tinyBuild filed its response.  Because the delay was
12  of a short duration – merely twenty-four hours – and Nival has now been allotted sufficient
13  time to reply, the first two factors favor tinyBuild.

14      Here, the untimely filing resulted from an internal office error in assessing the deadline
15  of tinyBuild's response to Nival's motion.  As recognized in *Pryor*, courts have taken a rather
16  elastic view of mistakes constituting excusable neglect including even circumstances within the
17  moving party's control.  Neglect "encompasses simple, faultless omissions to act and, more
18  commonly, omissions caused by carelessness."  *See Pryor*, 278 F.R.D. at 522 (quoting *Pioneer*
19  *Investment Services*, 507 U.S. at 388).  In contrast to intentional or culpable acts and omissions
20  that are done willfully or deliberately in bad faith, neglectful behavior is done in good faith free
21  of any intention to take advantage of the opposing party or manipulate the legal process.  *See*,
22  *id*.  That is exactly what has happened here.  Counsel made an honest mistake.  This was a mere
23  omission due to a rare internal oversight, not intent to detriment Nival.

24      Lastly, tinyBuild has acted, and continues to act, in good faith to address Nival's
25  Motion for a Protective Order.  tinyBuild's short delay in filing its response was not done to
26  prejudice Nival or for some devious motive; instead, it was a simple inadvertence.  tinyBuild

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
STRIKE AND CROSS MOTION TO EXTEND DEADLINE - 3

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:10584510.1

1   also has no issue with allowing Nival's reply three business days from tinyBuild's date of

2   filing.  Nor does tinyBuild object to a supplemental reply brief by Nival, if there is anything

3   more to be said on the application.  tinyBuild has therefore acted in good faith and has not

4   created any prejudice on Nival.

5       Nival has had ample opportunity to reply to tinyBuild's Opposition to its Motion for

6   Protective Order.  Further, all relevant factors favor granting tinyBuild's request for a twenty-

7   four hour extension of the deadline for it to oppose such motion, *nunc pro tunc*.

8                          **III.   CONCLUSION**

9       For the reasons stated above, tinyBuild respectfully requests that this Court deny

10  Nival's Motion to Strike, grant tinyBuild a one-day extension of time to oppose Nival's Motion

11  for Protective Order, and accept its opposition filed on October 10, 2019.

12      DATED this 15th day of October, 2019.

13                              FOSTER GARVEY PC

14

15                          By *s/Diana S. Breaux*
                              Diana S. Breaux, WSBA #46112
16                            Foster Garvey
                              1191 Second Avenue, Suite 1800
17                            Seattle, WA  98101
                              (206) 816-1416
18                            diana.breaux@foster.com
                              *Attorneys for Plaintiff tinyBuild LLC*
19

20

21

22

23

24

25

26

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
STRIKE AND CROSS MOTION TO EXTEND DEADLINE - 4

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:10584510.1

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on October 15, 2019, I electronically filed the foregoing with the Clerk of

3   the Court using the CM/ECF system which will send notification of such filing to all parties who

4   have appeared in this matter.

5

6                                        *s/Bonnie Rakes*

7                                        Bonnie Rakes, Legal Assistant
                                         Foster Garvey
8                                        1191 Second Avenue, Suite 1800
                                         Seattle, WA  98101
9                                        (206) 816-1369
                                         bonnie.rakes@foster.com
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
STRIKE AND CROSS MOTION TO EXTEND DEADLINE - 1

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:10568707.1