The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TINYBUILD LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>NIVAL INTERNATIONAL LIMITED, a Cypriot corporation, and SERGEY ORLOVSKIY,<br><br>Defendants. | CASE NO. 2:19-cv-00805 TSZ<br><br>PLAINTIFF'S MOTION TO AMEND COMPLAINT |

## I.   INTRODUCTION

Plaintiff tinyBuild LLC ("Plaintiff"), through undersigned counsel, moves pursuant to Fed. R. Civ. P. 15(a) and this Court's Scheduling Order (Dkt. 20), for leave to file the proposed First Amended Complaint submitted herewith. [1]

## II.   BACKGROUND

tinyBuild is a video game developer and publisher based in Bellevue, Washington. Dkt. 1 ("Complaint"), ¶ 1.  In 2018, tinyBuild, Defendant NIVAL International Limited ("NIVAL") and

---

[1] Plaintiff attached both the proposed First Amended Complaint and a redline comparison showing the revisions from the original Complaint.

PLAINTIFF'S MOTION TO AMEND COMPLAINT - 1
CASE NO. 19-cv-00805 TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

non-party Savvas Petras entered into a Development and Publishing Agreement ("the Agreement"). *Id.*, ¶ 5. Under the Agreement, Savvas Petras would design, and NIVAL would develop, a video game (the "Product") that tinyBuild would then publish. *Id.*, ¶ 8. The Agreement includes a funding schedule tied to milestones where tinyBuild agreed to pay NIVAL funds in advance and in return NIVAL agreed to develop the Product through defined Milestones.

This litigation arises from the fact that NIVAL breached the Agreement and has, through its actions, denied tinyBuild the benefit of its invention, including access to and possession of source code and other intellectual property assets tinyBuild rightfully owns under the Agreement. Specifically, after tinyBuild paid NIVAL milestone payments of $500,000, NIVAL refused to continue work on the Product unless tinyBuild paid it additional funds beyond what was provided in the Agreement. NIVAL also locked the designer, Savvas Petras, out of the project and refused to provide tinyBuild with the Product source code, which the Agreement unequivocally provides is the property of tinyBuild. By Complaint dated May 29, 2019, tinyBuild initiated this litigation, bringing claims of Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing based on NIVAL's wrongful conduct, and a claim for declaratory relief seeking a declaration of its rights under the Agreement. Complaint, ¶¶ 19-35. NIVAL subsequently brought Counterclaims against tinyBuild. Dkt. 8, ¶¶ 23-34.

Documents produced in discovery by NIVAL reveal additional wrongful conduct by NIVAL and NIVAL CEO Sergey Olovskiy's direct participation in such wrongful conduct. More specifically, NIVAL produced internal communications demonstrating, among other things that:

1) At the direction of Sergey Olovskiy, NIVAL intentionally deprived tinyBuild of possession of its source code as leverage to demand additional money from tinyBuild.[2]

2) After stopping work on the Product and disabling servers hosting the Product, locking the lead designer out of the project, and receiving notice of termination of the

---

[2] Declaration of Diana S. Breaux, ¶ 2, Exhibit 1. The documents submitted with this motion are a small sample of the materials relevant to Plaintiff's proposed new claims.

PLAINTIFF'S MOTION TO AMEND COMPLAINT - 2
CASE NO. 19-cv-00805 TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Agreement, NIVAL contrived a scheme by which they would feign continued development of the Product and purport to deliver a Beta Milestone to NIVAL – all in attempt to extract additional funds from tinyBuild.[3]

3) NIVAL apparently intended to (and did) use tinyBuild's milestone payments for purposes other than the Product, and NIVAL intends to use tinyBuild's intellectual property for other projects[4]

These documents were received from NIVAL in the course of discovery.[5] Further, NIVAL produced the documents in their original Russian-language format, so the full impact and understanding of the documents could be discerned only after tinyBuild had them translated.[6]

As further discussed *infra*, the discovery materials produced by NIVAL give rise to additional claims against NIVAL – specifically, NIVAL's continued retention of tinyBuild's source code and its apparent intention to use tinyBuild's intellectual property for unrelated projects with third parties establish NIVAL's liability for misappropriation of trade secrets and conversion. Finally, because the evidence demonstrates that Sergey Olovskiy led and participated in these tortious acts, tinyBuild additionally seeks leave to add him as a named defendant in this action.

Pursuant to the discovery order in this case, the deadline for amending pleadings is March 2, 2020. Dkt. 20. Thus, the instant motion and proposed First Amended Complaint filed herewith are timely filed as to NIVAL. Based on the evidence described above, tinyBuild additionally seeks to add Sergey Olovskiy as an additional named party in this action, and respectfully requests that this Court extend, as necessary, the deadline for adding parties to accommodate the addition

---

[3] *Id.*, ¶ 2, Exhibit 2.

[4] *Id.*, ¶ 3, Exhibit 3.

[5] *Id.*, ¶¶ 2-4.

[6] *Id.*

PLAINTIFF'S MOTION TO AMEND COMPLAINT - 3
CASE NO. 19-cv-00805 TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

of Mr. Olovskiy on the ground that tinyBuild only learned of his participation in NIVAL's tortious conduct through the recently produced discovery materials.[7]

### III.  ARGUMENT

Fed. R. Civ. P. 15(a)(2) instructs that leave to amend a complaint "should freely [be] given when justice so requires."  In this Circuit, this standard is applied "with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

In considering a motion to amend, courts evaluate the factors set forth in *Forman v. Davis*, 371 U.S. 178, 182 (1962), which include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]"

The consideration of prejudice to the non-moving party carries the most weight. *Eminence*, 316 F.3d at 1052. If a court does not find prejudice or a "strong showing" of the *Forman* factors, there is a "presumption" under Rule 15(a) in favor of granting leave to amend. *Id*. Prejudice must be substantial for leave to be denied. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

There is no prejudice to NIVAL nor, as concerns the naming of Mr. Orlovskiy as a Defendant, to him.  Mr. Orlovskiy, NIVAL's founder and CEO, can claim no surprise from being added as a defendant given his role in the company and underlying transactions, and the allegations in the Complaint.  There are three months remaining for discovery under the current case schedule and none of the *Forman* factors favor dismissal.  And there has been no delay or bad faith in bringing this motion.  To the contrary, Plaintiff has brought this motion promptly after receiving English translations of materials produced by NIVAL in this case.[8]

---

[7] The Minute Order Setting Trial Date and Related set September 11, 2019, as the deadline for joining additional parties.  Dkt. 20, at 1.

[8] *See* Declaration of Diana S. Breaux ¶¶ 2-4.

PLAINTIFF'S MOTION TO AMEND COMPLAINT - 4
CASE NO. 19-cv-00805 TSZ

Summit Law Group, PLLC
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone:  (206) 676-7000
Fax:    (206) 676-7001

Nor is the amendment futile.  Plaintiff seeks to add two additional claims based on the newly discovered evidence.  Specifically, NIVAL's wrongful retention and misuse of tinyBuild's trade secret source code gives rise to claims of misappropriation of trade secrets in violation of state and federal law, and a common law claim of conversion.  Finally, because newly discovered evidence reveals that Sergey Olovskiy personally directed and participated in NIVAL's conduct, tinyBuild further seeks leave to add him as a named defendant in this action.

\*\*\*

Based on the foregoing, tinyBuild respectfully requests that the Court grant it leave to file the proposed First Amended Complaint attached to this motion, which relief is squarely within the Court's discretion and consistent with the application of Rule 15's directives.

DATED this 2nd day of March, 2020.

Respectfully submitted,

SUMMIT LAW GROUP, PLLC
Attorneys for Plaintiff

By *s/ Diana Siri Breaux*
Diana S. Breaux, WSBA #46112
dianab@summitlaw.com

4850-1565-3046, v. 1

PLAINTIFF'S MOTION TO AMEND COMPLAINT - 5
CASE NO. 19-cv-00805 TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001