The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TINYBUILD LLC, a Washington limited liability company,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NIVAL INTERNATIONAL LIMITED, a Cypriot corporation, and SERGEY ORLOVSKIY,<br><br>　　　　　　Defendants. | NO. 19-CV-00805-TSZ<br><br>**PLAINTIFF'S MOTION TO SEAL**<br><br>NOTE ON MOTION CALENDAR: **MARCH 13, 2020** |

　　　　Pursuant to Local Civil Rule 5(g) Plaintiff tinyBuild, LLC, by and through its attorneys, files this Motion to Seal Exhibits 1-3 to the Declaration of Diana Siri Breaux in Support of Plaintiff's Motion for Leave to Amend and the references thereto in Plaintiff's proposed First Amended Complaint. Plaintiff files this motion because the producing party, NIVAL International Limited ("NIVAL") designated them CONFIDENTIAL pursuant to the Protective Order in this case. Dkt. 29.

## I.   INTRODUCTION

　　　　Plaintiff seeks an Order sealing Exhibits 1-3 to the Declaration of Diana Siri Breaux in Support of Plaintiff's Motion for Leave to Amend (the "Confidential Materials") and references thereto in Plaintiff's proposed First Amended Complaint. Each of the Confidential Materials is a

PLAINTIFF'S MOTION TO SEAL - 1
CASE NO. 19-CV-00805-TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

document produced by NIVAL as CONFIDENTIAL according to the terms of the Protective Order in this case. As the designating party, NIVAL bears the burden of establishing the basis for sealing these documents.

## II.   ARGUMENT

### A.   Standard Governing Motions to Seal

Although Local Civil Rule 5(g) contains a presumption in favor of access to the court's files, that presumption can be overcome when compelling reasons to maintain confidentiality, such as protecting the confidentiality of sensitive business information, outweigh the public policies favoring disclosure. *Kamakana v. Cty. of Honolulu*, 447 F.3d 1172, 1178-81 (9th Cir. 2006).

Trial courts have broad discretion in determining what constitutes a compelling reason to seal documents and information. *See, e.g.*, *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Courts in this district regularly exercise that discretion to preserve the confidentiality of sensitive and proprietary business information. *See Moussouris v. Microsoft Corp.*, No. 15-cv-1483 JLR, 2018 WL 2124162, at *2 (W.D. Wash. Apr. 24, 2018) (finding that sensitive business documents containing "business strategy" were properly protected as confidential); *Cousineau v. Microsoft Corp.*, No. C11-1438-JCC, 2014 WL 11961979, at *1 (W.D. Wash. Mar. 20, 2014) ("Compelling reasons to seal may exist when sealing is necessary to prevent judicial documents from being used as 'sources of business information that might harm a litigant's competitive standing.'"); *In re Microsoft Xbox 360 Scratched Disc Litig.*, No. C07–1121–JCC, 2009 WL 481325, at *1 (W.D. Wash. Feb. 24, 2009) ("The exhibits that remain under seal . . . contain Defendant Microsoft's confidential business information . . . . [T]he Court is persuaded that these materials contain proprietary information that would cause Defendant competitive harm if disclosed. Such concerns overcome the strong presumption of public access to court records.").

Further, the presumption favoring disclosure is more easily outweighed where the

PLAINTIFF'S MOTION TO SEAL - 2
CASE NO. 19-CV-00805-TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

information at issue has "little public value" and would be "primarily of interest for [the litigant's] competitors." *Douglas v. Xerox Bus. Servs. LLC*, No. C12-1798-JCC, 2014 WL 12641056, at *1 (W.D. Wash. Apr. 11, 2014). The relevant public interest to consider is the public interest in the information at issue, not in the litigation as a whole. *See Apple Inc. v. Samsung Electronics Co.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013) (noting that the mere fact that there is significant public interest in a case does not necessarily mean "that the public has a legally cognizable interest in every document filed"). This confidential information does not include information that is in the public interest to disclose. Therefore, Plaintiff seeks a court order sealing the Confidential Exhibits and permitting the parties to redact confidential information from the Complaint.

**B.     NIVAL Bears the Burden of Establishing Grounds For Maintaining The Confidential Exhibits Under Seal.**

Counsel for Plaintiff met and conferred with NIVAL as required by LCR 5(g). On March 2, 2020, Diana Breaux, counsel for Plaintiff, spoke by telephone with Matt Sheyfar, counsel for NIVAL, and requested that he advise whether NIVAL would withdraw the confidentiality designation or otherwise consent to the public filing of the exhibits. As of the time of filing, counsel for NIVAL had not withdrawn the Confidential designation of the Confidential Exhibits, or otherwise consented to their public filing. As the designating party, NIVAL bears the burden of establishing the basis for maintaining the documents and information contained therein under seal.

### III.   CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court enter an order sealing Exhibits 1-3 to the Declaration of Diana Siri Breaux.

PLAINTIFF'S MOTION TO SEAL - 3
CASE NO. 19-CV-00805-TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1    DATED this 2nd day of March, 2020.

                                                        Respectfully submitted,

                                                        SUMMIT LAW GROUP, PLLC
                                                        Attorneys for Plaintiff tinyBuild, LLC

                                                        By *s/Diana Siri Breaux*
                                                           Diana Siri Breaux, WSBA #46112
                                                            *dianab@summitlaw.com*

4840-0364-6134, v. 1

PLAINTIFF'S MOTION TO SEAL - 4
CASE NO. 19-CV-00805-TSZ