The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TINYBUILD LLC, a Washington limited liability company, | CASE NO. 2:19-cv-00805 TSZ |
| Plaintiff/Counterclaim Defendant, | **PLAINTIFF'S OPPOSITION TO NIVAL INTERNATIONAL'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| v. | |
| NIVAL INTERNATIONAL LIMITED, a Cypriot corporation, | NOTED FOR: May 1, 2020 |
| Defendant/Counterclaim Plaintiff, | |
| and | |
| SERGEY ORLOVSKIY, | |
| Defendant. | |

PLAINTIFF'S OPPOSITION TO NIVAL INTERNATIONAL'S MOTION TO DISMISS FIRST AMENDED COMPLAINT - i
CASE NO. 19-cv-00805 TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

Table of Contents

I.    Introduction ........................................................................................................... 1

II.   Background ........................................................................................................... 1

III.  Argument .............................................................................................................. 3

      A.    Legal Standard ........................................................................................... 3

      B.    tinyBuild More Than Adequately Pled Misappropriation of Trade Secrets. .......... 3

            1.    The source code is a trade secret. ................................................... 3

            2.    tinyBuild adequately pled misappropriation. ................................. 7

      C.    The Independent Duty Doctrine Does Not Apply to tinyBuild's
Conversion Claim. ................................................................................................. 8

IV.  Conclusion ........................................................................................................... 9

PLAINTIFF'S OPPOSITION TO NIVAL
INTERNATIONAL'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT - ii
CASE NO. 19-cv-00805 TSZ

S<small>UMMIT</small> L<small>AW</small> G<small>ROUP</small>, PLLC
315 F<small>IFTH</small> A<small>VENUE</small> S<small>OUTH</small>, S<small>UITE</small> 1000
S<small>EATTLE</small>, W<small>ASHINGTON</small> 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

Table of Authorities

**CASES**

*Donatelli v. D.R. Strong Consulting Engineers, Inc.*, 179 Wn.2d 84, 312 P.3d 620 (2013) .........10

*Eastwood v. Horse Harbor Found., Inc.*, 170 Wn.2d 380, 241 P.3d 1256 (2010) ..........................9

*Ed Nowogroski Ins., Inc. v. Rucker*, 137 Wn.2d 427, 971 P.2d 936 (1999) ...................................9

*F.L.B. v. Lynch*, 180 F. Supp. 3d 811 (W.D. Wash. 2016) ..............................................................8

*Fuji Food Products, Inc. v. Occidental, LLC*, 2018 WL 6310090 (Wash. Ct. App. Dec. 3, 2018), *rev. denied*, 193 Wn.2d 1019, 448 P.3d 67 (2019) ...........................................................10

*Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940 (9th Cir. 2005) .........................3

*Ultimate Timing, L.L.C. v. Simms*, 715 F. Supp. 2d 1195 (W.D. Wash. 2010), *on reconsideration in part,* C08-1632-MJP, 2010 WL 2650705 (W.D. Wash. June 29, 2010) ...........................................................................................................................................4

*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010) ...............................................5

*Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658 (9th Cir. 1998) .............................3

**STATUTES**

RCW 19.108.010 ..........................................................................................................................4, 7

**RULES**

FRCP 12(b)(6) ..............................................................................................................................3, 6

PLAINTIFF'S OPPOSITION TO NIVAL
INTERNATIONAL'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT - iii
CASE NO. 19-cv-00805 TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

## I.   INTRODUCTION

In this lawsuit, Plaintiff tinyBuild LLC ("tinyBuild"), a video game publisher, seeks redress for Defendant Nival International Limited's ("Nival") willful misappropriation and wrongful use of tinyBuild's proprietary, trade secret source code. tinyBuild paid Nival, a video game developer, more than $500,000 to develop a video game.  Nival, however, failed to meet its commitments and further breached the parties' agreement by refusing to comply with the payment terms and by locking the designer from the project. As relevant to this motion and as alleged in the First Amended Complaint, after tinyBuild terminated the Agreement, and continuing to this day, Nival intentionally retained and misused tinyBuild's proprietary, trade secret source code for its own purposes, thereby interfering with tinyBuild's property rights.

Although styled as a motion to dismiss the First Amended Complaint, the relief sought is much narrower. Nival seeks dismissal of only tinyBuild's claims of misappropriation of trade secrets and conversion based on Nival's unauthorized possession and use of tinyBuild's source code. Nival asks this court to ignore tinyBuild's many plausible allegations of wrongful conduct, including Nival's efforts to extort money from tinyBuild and to retain tinyBuild's intellectual property for use with third parties. This court should readily reject Nival's motion to dismiss tinyBuild's well-pleaded claims.

## II.   BACKGROUND

Nival and tinyBuild were, at one time, parties to a Development and Publishing Agreement ("Agreement"), pursuant to which Nival was to develop and design a video game (the "Product") for tinyBuild working with Savvas Petras, the designer specifically selected for the project, who was also a party to the Agreement. Dkt. 36 (FAC) ¶8; Dkt. 11-1 (Agreement), at 1.  The Agreement includes a funding schedule whereby tinyBuild agreed to fund Nival's work and, in return, Nival agreed to develop the Product through defined milestones. FAC, ¶11. The Agreement also clarifies the parties' rights with respect to the Product, and expressly confers all ownership rights in the Product's intellectual property to tinyBuild.  FAC ¶12, Dkt. 11-1, at ¶ 1.1 ("**All IP**

PLAINTIFF'S OPPOSITION TO NIVAL
INTERNATIONAL'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 1
CASE NO. 19-cv-00805 TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

***rights to the Product are the property of Publisher*** [tinyBuild].") (emphasis supplied). The parties further agreed to robust confidentiality terms that prevent them from using or disclosing each other's business, technical, and financial information, including source code. FAC,¶51.

     tinyBuild terminated the Agreement after Nival breached the Agreement. Specifically, after tinyBuild paid Nival milestone payments of $500,000, Nival refused to continue work on the Product unless tinyBuild paid it additional funds beyond what was provided in the Agreement. FAC ¶¶28-29. Nival also locked the designer, Savvas Petras, out of the project, and refused to grant him access to project files. Finally, Nival also refused to provide tinyBuild with the Product source code, which the Agreement unequivocally provides is the property of tinyBuild. FAC ¶30. In short, Nival left tinyBuild with nothing to show for its $500,000 investment, and without means to further develop the project with another partner.

     Through discovery, tinyBuild learned that after tinyBuild terminated the Agreement, Nival intentionally withheld tinyBuild's proprietary, trade secret source code for purposes of both extorting additional funds from tinyBuild and creating a tech stack to use with third parties. Dkt. 31. Accordingly, with its First Amended Complaint, tinyBuild added claims of misappropriation of trade secrets under state and federal law, and conversion in addition to its extant claims of breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory judgment.[1]

     Nival now moves pursuant to FRCP 12(b)(6) to dismiss tinyBuild's well-pleaded claims of misappropriation of trade secrets and conversion. Nival's motion fails.

---

[1] Plaintiff also brings claims of misappropriation of trade secrets and conversion against Sergey Orlovskiy in his individual capacity. Dkt. 36. Nival, for its part, brings counterclaims of breach of contract and breach of the covenant of good faith and fair dealing against tinyBuild. Dkt 11.

PLAINTIFF'S OPPOSITION TO NIVAL
INTERNATIONAL'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 2
CASE NO. 19-cv-00805 TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

### III.  ARGUMENT

**A.    Legal Standard**

Nival's burden is high. In evaluating this motion, the court must construe the complaint in the light most favorable to tinyBuild, as the nonmoving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The court also must accept as true all well-pleaded allegations of material fact and draw all reasonable inferences in favor of the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). tinyBuild's claims survive this motion to dismiss so long as there are "factual allegations that 'state a claim to relief that is plausible on its face.'" *T-Mobile USA, Inc. v. Huawei Device USA, Inc.*, 115 F. Supp. 3d 1184, 1191 (W.D. Wash. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007)).

**B.    tinyBuild More Than Adequately Pled Misappropriation of Trade Secrets.**

tinyBuild pled as its fourth cause of action misappropriation of trade secrets under both the Washington Uniform Trade Secret Act and the Federal Defend Trade Secret Act. FAC ¶¶49-53. Nival wrongly argues that tinyBuild's claim fails because the source code is somehow not subject to the Agreement's confidentiality protections (it is); and that tinyBuild's allegations of Nival's unauthorized retention and wrongful use of its source code somehow do not amount to misappropriation (they do). Dkt. 38, pp. 6-11. Nival's arguments are unsupported.

**1.    The source code is a trade secret.**

Under Washington law, [2] a trade secret is "information, including a formula, pattern, compilation, program, device, method, technique, or process" that "[d]erives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use" and is "the subject of efforts that are reasonable under the circumstances to

---

[2] Because Nival analyzes this claim only under the Washington Uniform Trade Secret Act, tinyBuild will do the same.

PLAINTIFF'S OPPOSITION TO NIVAL
INTERNATIONAL'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 3
CASE NO. 19-cv-00805 TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

maintain its secrecy." RCW 19.108.010; *T-Mobile USA, Inc.*, 115 F. Supp. 3d at 1191. Nival does not dispute that the source code has independent economic value from not being generally known, but asks this Court to find, without the benefit of any discovery, that it is not a trade secret because tinyBuild has not undertaken reasonable efforts to maintain its secrecy. Dkt. 38 at 6.

      Whether an owner of a trade secret has taken reasonable precautions is generally a question of fact. "[O]nly in an *extreme case* can what is a 'reasonable' precaution be determined" prior to trial "because the answer depends on a balancing of costs and benefits that will vary from case to case and so require estimation and measurement by persons knowledgeable in the particular field of endeavor involved." *Ultimate Timing, L.L.C. v. Simms*, 715 F. Supp. 2d 1195, 1206 (W.D. Wash. 2010), *on reconsideration in part,* C08-1632-MJP, 2010 WL 2650705 (W.D. Wash. June 29, 2010) (citations omitted and emphasis supplied). Ignoring this high bar, Nival asks this Court to dismiss tinyBuild's misappropriation claim on the basis that (1) the Agreement somehow gives Nival carte blanche to use or disclose the source code and therefore the source code is not, as a matter of law, legally protectible as a trade secret, and (2) tinyBuild opposed Nival's efforts to weaponize the protective order by designating the source code as "confidential" in order to withhold it from Nival during discovery. The Agreement's express terms defeat the first argument and Nival's own conduct defeats the second argument.

      *First*, Nival relies on a tortured reading of the Agreement to argue the confidentiality provisions do not extend to the source code. Nival ignores that dismissal based on an agreement's terms is appropriate only if the Court determines, after reviewing the entire contract and considering the pleadings in the light most favorable to tinyBuild, the contract clearly precludes recovery. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 975 n.2 (9th Cir. 2010) (the district court erred in ruling the contract "necessarily precluded recovery" on a motion to dismiss). As a threshold problem, Nival ignores that the Agreement itself defines "proprietary source code" as proprietary and confidential information. Dkt. 38-1 at 12 ("confidential information of each party which shall include, without limitation,…proprietary software code…" (formatting omitted)). To

PLAINTIFF'S OPPOSITION TO NIVAL
INTERNATIONAL'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 4
CASE NO. 19-cv-00805 TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

overcome this gating issue, Nival claims the Agreement does not protect the confidentiality of information that is not literally furnished from one party to the other. Dkt. 38 at 6. There is no reason for this Court, on a motion to dismiss, to accept Nival's strained interpretation of the Agreement. Construed as a whole, the Agreement plainly protects confidential information, including source code, that a party acquires because of the parties' business relationship. Here, Nival acquired tinyBuild's source code only because tinyBuild paid it to create the source code for the project, and furnished it with detailed specifications for the game. Thus, the source code is a trade secret – an argument not clearly precluded by the Agreement.

There is a further problem with Nival's argument. Nival essentially argues that the source code is not a trade secret *unless* a written confidentiality agreement prohibits Nival from using or distributing it. Dkt. 38 at 6. Courts have rejected this argument. In *Regal W. Corporation v. Nguyen*, 412 F. Supp. 3d 1305, 1315 (W.D. Wash. 2019), Regal, a logistics company, alleged a subcontractor's employee had misappropriated trade secrets when developing software for Regal. The employee moved to dismiss the trade secret claim under FRCP 12(b)(6) arguing, among other things, that Regal had not alleged reasonable measures to maintain the information's secrecy. *Id.* at 1314. The court held that Regal "satisfied its initial pleading obligations by alleging that it had a confidentiality 'understanding'" with the employee and Regal was "not required to include such details in its complaint." *Id.* at 1315. Furthermore, the court concluded it "is incorrect that a written confidentiality agreement is necessary for a trade secrete misappropriation claim." *Id.*

In this case, the Agreement plainly manifests an understanding that the source code was the property of tinyBuild, and thus Nival has no right or authority to use it other than with tinyBuild's consent. But, as in *Regal*, tinyBuild did not rely exclusively on the parties' Agreement to plead that the source code is a trade secret. tinyBuild alleged that Nival was prohibited from "using tinyBuild's source code and other proprietary, non-public information for purposes unrelated to the Product and from disclosing such information to a third party in the absence of a legal duty or court order." FAC, ¶51. tinyBuild is "not required to include such details in its

PLAINTIFF'S OPPOSITION TO NIVAL
INTERNATIONAL'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 5
CASE NO. 19-cv-00805 TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

complaint," nor is it required to rely on a written confidentiality agreement. *Regal*, 412 F. Supp. 3d at 1315.

Finally, Nival grossly mischaracterizes tinyBuild's objection to Nival's proposed protective order when it argues that tinyBuild has taken actions in this litigation "with the explicit intention that the source code at issue be *excluded* as confidential information." Dkt. 38, pp. 8. Nival proposed that the parties stipulate to a protective order that would have prevented tinyBuild's officers and employees from accessing Nival's discovery material. Nival's proposal provided that the party receiving material designated as confidential "may disclose any confidential material only to. . . .the officers, directors, and employees . . . of the receiving party to whom disclosure is reasonably necessary for this litigation *unless a particular document or material produced is for Attorney's Eyes Only and is so designated.*" Dkt. 21, Ex. A ¶4.2(b). But the proposed order imposed no limitations on Nival's ability to designate materials as Attorney's Eyes Only. *Id.* It reached even further when it defined "Confidential" to include information over which Nival had no basis to assert its own claim of confidentiality, including the source code which it continues to withhold from its rightful owner tinyBuild. *Id.*, ¶2.

tinyBuild reasonably opposed such a broad protective order. Dkt. 22. Without in-house counsel, tinyBuild argued that Nival's proposed order would significantly prejudice its efforts to prosecute its claims and defend itself from Nival's counterclaims. In effect, it would prevent tinyBuild's outside counsel from sharing critical discovery with those most knowledgeable about this case – tinyBuild's officers and employees – and thereby prohibit them from meaningfully participating in litigation strategy. Dkt. 22, pp. 7; Dkt. 24, ¶5. Nival's efforts to designate the source code as "confidential" were nothing more than a thinly veiled attempt to hobble tinyBuild.[3]

---

[3] The Court entered a modified model protective order that "does not confer blanket protection on all disclosures or responses to discovery" and instead provides protection from public disclosure that "extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file 'confidential' or 'Attorney's Eyes Only' information under seal." Dkt. 29 ¶1.

PLAINTIFF'S OPPOSITION TO NIVAL
INTERNATIONAL'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 6
CASE NO. 19-cv-00805 TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

Nival now cites tinyBuild's opposition to Nival's self-serving protective order as evidence that tinyBuild does not believe the source code is confidential. To the contrary, tinyBuild's opposition to the protective order is consistent with its well-supported claim that it alone retains exclusive rights to the source code and it alone can assert a claim of confidentiality with respect to it. Nothing in tinyBuild's opposition to Nival's far-reaching proposed protective order evidences tinyBuild's intent to treat the source as less than the trade secret that it is.

### 2. tinyBuild adequately pled misappropriation.

Nival asks the Court to dismiss tinyBuild's misappropriation of trade secrets claim for failure to plead misappropriation. Misappropriation is defined to include "*[d]isclosure or use* of a trade secret of another without express or implied consent by a person who . . . [a]t the time of disclosure or use, knew or had reason to know that his or her knowledge of the trade secret was… acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use." RCW 19.108.010(2)(b)(ii)(B) (emphasis added). In seeking dismissal, Nival ignores tinyBuild's well-pleaded facts of Nival's disclosure and use of the source code, and case law that *retaining* a trade secret suffices for misappropriation.

*First*, Nival ignores tinyBuild's ample well-pleaded facts supporting misappropriation, including that:

- In internal communications, Nival admitted – indeed, celebrated – that while tinyBuild had essentially gotten nothing, Nival had gotten both money and a "tech stack" *using tinyBuild's IP, which Nival intended to use for other clients and projects*. FAC ¶21.
- Nival flagrantly interfered with tinyBuild's rights in the source code by retaining it specifically for purposes of extorting money from tinyBuild and to make money off of tinyBuild's intellectual property from third parties. FAC ¶53.

FRCP 12(b)(6) does not require tinyBuild to "provide detailed factual allegations" and yet it does by these allegations. *F.L.B. v. Lynch*, 180 F. Supp. 3d 811, 817 (W.D. Wash. 2016). Accordingly,

PLAINTIFF'S OPPOSITION TO NIVAL
INTERNATIONAL'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 7
CASE NO. 19-cv-00805 TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

tinyBuild has pled facts "sufficient [to] state a 'plausible' ground for relief" and the law requires nothing more. *Id.*

*Second*, Nival's argument that "retaining" trade secrets "cannot be deemed to be misappropriating them" is no more compelling than its other arguments. Dkt. 38, pp. 11. In *Ed Nowogroski Ins., Inc. v. Rucker*, 137 Wn.2d 427, 432, 971 P.2d 936 (1999), the Washington Supreme Court affirmed the trial court's determination that former employees had misappropriated trade secrets "either by taking company records, summaries and other information, or *by retaining them after plaintiff demanded their return*." *Id.* at 432. In this case, tinyBuild alleges in the FAC that it demanded that Nival cease work and deliver all assets owned by tinyBuild, including source code within ten days. FAC ¶28. Nival acknowledged receipt of the notice but has refused to hand over the Product assets owned by tinyBuild, including source code. *Id.*, ¶28. Accordingly, tinyBuild has adequately alleged that Nival refused to return its trade secrets which is sufficient to support its claim of misappropriation.

**C.     The Independent Duty Doctrine Does Not Apply to tinyBuild's Conversion Claim.**

Nival argues that the economic loss rule bars tinyBuild's conversion claim, but the doctrine is no longer as rigid as Nival suggests. In 2010, Washington abandoned the economic loss rule because it "proved to be a misnomer" and it left courts with the incorrect "impression that this is a rule of general application and any time there is an economic loss, there can never be recovery in tort." *Eastwood v. Horse Harbor Found., Inc.*, 170 Wn.2d 380, 387-88, 241 P.3d 1256 (2010). The court instead adopted the independent duty doctrine which allows "a plaintiff to pursue tort claims against a defendant when the plaintiff can prove defendant's breach of a tort duty arising independently of the terms of the contract. To determine whether a duty arises independently of the contract, we must first know what duties have been assumed by the parties within the contract." *Donatelli v. D.R. Strong Consulting Engineers, Inc.*, 179 Wn.2d 84, 98, 312 P.3d 620 (2013).

PLAINTIFF'S OPPOSITION TO NIVAL
INTERNATIONAL'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 8
CASE NO. 19-cv-00805 TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

Washington courts have allowed a conversion claim to proceed even when the plaintiff also alleged breach of contract. In *Fuji Food Products, Inc. v. Occidental, LLC*, 2018 WL 6310090, at *2 (Wash. Ct. App. Dec. 3, 2018), *rev. denied*, 193 Wn.2d 1019, 448 P.3d 67 (2019) a tenant sued its former landlord for, among other claims, breach of contract and conversion. On appeal, the landlord argued the conversion claim was barred by the independent duty doctrine. *Id.* at 6. The Court of Appeals determined that the parties' lease did not govern because no term "transfer[ed] ownership of the [property]" upon termination. *Id.* at *7. The court therefore affirmed the finding that "the duty not to steal someone else's property is related to, but independent of, any duties in the parties'" contract. *Id.* at *6.

In this case, tinyBuild is precluded from asserting a conversion claim only if the parties' Agreement expressly contemplated a scenario in which ownership of the source code transferred to Nival. The Agreement does no such thing. In fact, the Agreement clearly grants tinyBuild ownership of the source code, FAC ¶12, and Nival points to no specific provision of the Agreement where the parties contemplated any shift in its ownership. And so, as in *Fuji Food Products, Inc.*, "the duty not to steal someone else's property is related to, but independent of, any duties in the parties'" Agreement. Further evidence that tinyBuild's conversion claim is not governed by the Agreement is the fact that the claim became actionable only *after* tinyBuild terminated the Agreement. FAC, ¶¶28-29.

In sum, Nival owes tinyBuild an independent duty not to steal property tinyBuild owns.

## IV.   CONCLUSION

Granting Nival's motion to dismiss would require this Court to ignore tinyBuild's well-pleaded allegations of Nival's wrongful retention and use of tinyBuild's source code. Rule 12, however, requires that this Court accept these allegations as true.  Nival's motion should be denied.

PLAINTIFF'S OPPOSITION TO NIVAL
INTERNATIONAL'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 9
CASE NO. 19-cv-00805 TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

DATED this 27th day of April, 2020.

Respectfully submitted,

SUMMIT LAW GROUP, PLLC
Attorneys for Plaintiff

By *s/ Diana S. Breaux*
Diana S. Breaux, WSBA #46112
*dianab@summitlaw.com*
4831-8886-5721, v. 3

PLAINTIFF'S OPPOSITION TO NIVAL
INTERNATIONAL'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 10
CASE NO. 19-cv-00805 TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001