The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TINYBUILD LLC, a Washington limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> NIVAL INTERNATIONAL LIMITED, a Cypriot corporation, and SERGEY ORLOVSKIY, <br><br> Defendants. | CASE NO. 2:19-cv-00805 TSZ <br><br> FIRST AMENDED COMPLAINT |

Plaintiff tinyBuild LLC ("tinyBuild") complains and alleges as follows:

## I.  PARTIES

1. tinyBuild is a Washington limited liability company that specializes in independent video game development and publishing. tinyBuild's sole member is a Delaware corporation.

2. NIVAL International Limited ("NIVAL") is a video game developer formed under the laws of Cyprus. tinyBuild is informed and believes, and on that basis alleges, that NIVAL's principal place of business is Cyprus.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). This is a controversy between citizens of different states or nations, and the amount

FIRST AMENDED COMPLAINT - 1
CASE NO. 19-cv-00805 TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

in controversy exceeds $75,000. Sergey OrlovskIy is, on information and belief, the founder and CEO of NIVAL, and a resident of Cyprus. On information and belief, Mr. OrlovskIy is also the President and Director of NIVAL, Inc., a Nevada corporation and U.S. affiliate of NIVAL.

## II. JURISDICTION AND VENUE

4. NIVAL expressly consented that this Court has personal jurisdiction over it. The Court further has personal jurisdiction over NIVAL pursuant to RCW 4.28.185.

5. This Court has personal jurisdiction over Sergey Orlovskiy pursuant to RCW 4.28.185.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## II. FACTS COMMON TO ALL CLAIMS

7. On or about March 29, 2018, tinyBuild, NIVAL, and non-party Savvas Petras entered into a Development and Publishing Agreement (the "Agreement").

8. Under the Agreement, Savvas Petras would design, and NIVAL would develop, a video game (the "Product") that tinyBuild would then publish.

9. The Agreement includes a funding schedule tied to milestones whereby tinyBuild agreed to pay NIVAL funds in advance and in return NIVAL agreed to develop the Product through certain milestones.

10. According to internal NIVAL communications, and unbeknownst to tinyBuild, NIVAL had always intended to extract more money from tinyBuild in order to complete the project. On information and belief, NIVAL also intended to (and in fact did) use the milestone payments from tinyBuild for purposes other than the Product.

11. The Agreement allocates between the parties revenue earned from the Product after publication. However, under the Agreement, NIVAL is only entitled to royalties if it develops the Product past the Beta Milestone.

FIRST AMENDED COMPLAINT - 2
CASE NO. 19-cv-00805 TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

12. The Agreement specifies that all intellectual property rights to the Product belong to tinyBuild.

13. In the event of a breach, the parties agreed that tinyBuild may terminate the Agreement if the breach is not cured within 30 days of written notice.

14. Per the Agreement's funding schedule, tinyBuild advanced NIVAL funds by July 1, 2018, so that NIVAL could reach the Alpha Milestone by November 1, 2018. Despite NIVAL accepting the funds in advance, NIVAL missed the Alpha Milestone deadline.

15. In fact, as of mid-October 2018, unbeknownst to tinyBuild, NIVAL had made no meaningful progress whatsoever on the Alpha Milestone. On November 8, 2018, a week *after* the Alpha Milestone deadline, NIVAL employee Alexander Myasischev advised the NIVAL team, "we need to make playable features already."

16. NIVAL delivered the Alpha build of the Product over a month late in December 2018.

17. tinyBuild then promptly advanced NIVAL the agreed-to funds for NIVAL to further develop the Product through the Beta Milestone. Per the Agreement, NIVAL had until April 1, 2019 to reach the Beta Milestone.

18. After receiving the Beta advance, NIVAL refused to develop the Product further until tinyBuild provided additional funding.

19. By holding tinyBuild's Product hostage, NIVAL defied the parties' funding and milestone schedule under the Agreement and ensured tinyBuild was denied any benefit of the work it had paid for and rights it had acquired under the Agreement.

20. tinyBuild asked NIVAL to provide information to substantiate the demand for additional funding in breach of the Agreement. The information NIVAL provided was vague and suggested that much of the money advanced by tinyBuild was not used to develop the Product. When tinyBuild requested further information and explanation during a conference call on in late December 2018, NIVAL refused. Internal NIVAL communications reflect that NIVAL was

FIRST AMENDED COMPLAINT - 3
CASE NO. 19-cv-00805 TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

concerned that tinyBuild would learn that NIVAL's alleged "burnate" or overhead were much lower than NIVAL had represented to tinyBuild, and which had been the basis of the milestone payment amounts.

21. Internal NIVAL communications confirm that, during the same time period that NIVAL was refusing to provide basic financial information to tinyBuild, NIVAL was celebrating the fact that even if tinyBuild were to cancel the Agreement, NIVAL had "survived 2018" because of the milestone payments from tinyBuild, and further had developed a "tech stack" using tinyBuild's IP, which NIVAL intended to use for other clients and projects.

22. Instead of providing tinyBuild with the requested financial information, NIVAL informed tinyBuild that it was stopping development of the Product.

23. At the same time, NIVAL informed Savvas Petras – the Product designer – that the project was ending. NIVAL then locked the designer out of NIVAL's systems, where he accessed and worked on the Product. After this time, NIVAL did not allow Savvas Petras to perform any further work on the Product, even though his efforts were essential to the Product. Indeed, in internal communications, NIVAL representatives admitted they could not get past Alpha without Savvas Petras. And yet, NIVAL disabled Mr. Petras's email and insisted he bring in the computer he had used to work on the Product so that it could be wiped clean of Product-related files, including source code.

24. Savvas Petras had relocated to Cyprus in October 2018 with his family for the sole purpose of working with NIVAL on the Product. After he was abruptly cut off from the project in early January 2019, he remained in Cyprus for several weeks. During that time, he had access to NIVAL's offices. Savvas Petras never saw anyone working on the Product during that time.

25. On information and belief, NIVAL performed no significant development work on the Product after January 2, 2019, and even disabled the servers hosting the Product.

FIRST AMENDED COMPLAINT - 4
CASE NO. 19-cv-00805 TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

26. In response to NIVAL's shutdown of the development of the Product, on January 9, 2019, tinyBuild provided NIVAL notice of NIVAL's breach of the Agreement. The parties proceeded to negotiate a termination of the Agreement. NIVAL insisted, despite the fact that it never continued development of the Product past the Alpha Milestone – let alone the Beta Milestone – that it is entitled to royalties.

27. On February 21, 2019, more than six weeks after stopping work on the Product and disabling the servers hosting the project, NIVAL contrived a plan to deceive tinyBuild and attempt to extract still more money from tinyBuild. Specifically, Ilya Yakimov proposed that NIVAL write to tinyBuild and advise that, contrary to fact, NIVAL had not stopped development. Ilya Yakimov further proposed that, at the end of March, NIVAL should send tinyBuild "what we have," invoice tinyBuild for the milestone, and further misrepresent to tinyBuild that development is continuing. As Mr. Yakimov explained, the purpose of this ruse was to manufacture a claim that NIVAL was "developing past beta version," and thus was entitled to royalties under the Agreement.

28. On February 27, 2019, in light of NIVAL's failure to cure, tinyBuild provided NIVAL notice of termination of the Agreement. tinyBuild demanded that NIVAL cease work and deliver all assets owned by tinyBuild, including source code within ten days. NIVAL acknowledged receipt of the notice but has refused to hand over the Product assets owned by tinyBuild, including source code. Each day NIVAL withholds Product assets from tinyBuild increases tinyBuild's losses.

29. On March 29, 2019, NIVAL proceeded with the scheme devised by Ilya Yakimov to feign beta development. Specifically, despite the fact that NIVAL had informed tinyBuild that NIVAL had stopped all work on the Product, despite the fact that NIVAL informed the designer that the project had ended and blocked him from working on the Product for the past three months, despite the fact NIVAL had performed no significant work on the Product, and despite the fact that NIVAL acknowledged receipt of tinyBuild's February 27, 2019 Notice of Termination of the

FIRST AMENDED COMPLAINT - 5
CASE NO. 19-cv-00805 TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Agreement, NIVAL claimed it reached the Beta Milestone and demanded funding to further develop the Product. tinyBuild rejected NIVAL's claimed delivery of the Beta Milestone.

30. Sergey Olovskiy personally directed NIVAL employees not to return tinyBuild's source code, including by deleting source code from Mr. Petras's computer so that tinyBuild could not gain access to it.

### III. CAUSES OF ACTION

**FIRST CAUSE OF ACTION – BREACH OF CONTRACT (AGAINST NIVAL)**

31. tinyBuild reincorporates the preceding paragraphs above as though fully set forth herein.

32. tinyBuild and NIVAL are parties to a valid existing contract to develop and publish a video game.

33. tinyBuild performed its obligations under the Agreement, including advancing money to NIVAL to develop the Product through the Beta Milestone.

34. NIVAL breached the Agreement by refusing and failing to develop the Product and blocking the designer from access to the Product.

35. NIVAL further breached the Agreement by refusing to deliver assets owned by tinyBuild under the terms of the Agreement, including the Product source code, which breach has deprived tinyBuild of the source code and other intellectual property assets it acquired under the Agreement and prevented tinyBuild from realizing revenue and profits from the Product.

36. NIVAL further breached the Agreement by purporting to deliver the Beta Milestone after it had stopped performing work on the Product and had kicked the designer, Savvas Petras, off the project.

37. tinyBuild is entitled to damages against NIVAL in an amount to be proven at trial. tinyBuild is entitled to an award of reasonable attorney's fees and costs under the Agreement.

FIRST AMENDED COMPLAINT - 6
CASE NO. 19-cv-00805 TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

### SECOND CAUSE OF ACTION – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (AGAINST NIVAL)

38. tinyBuild reincorporates the preceding paragraphs as though fully set forth herein.

39. The Agreement imposed a duty of good faith and fair dealing on NIVAL.

40. NIVAL's actions as alleged herein breached the implied covenant of good faith and fair dealing.

41. tinyBuild has been damaged in an amount to be proven at trial. tinyBuild is entitled to an award of reasonable attorney's fees and costs under the Agreement.

### THIRD CAUSE OF ACTION – DECLARATORY JUDGMENT (AGAINST NIVAL)

42. tinyBuild reincorporates the preceding paragraphs as though fully set forth herein.

43. tinyBuild is entitled to judgment that it owns all rights in the Product, including the source code.

44. The Agreement specifies that all intellectual product rights to the Product belong to tinyBuild.

45. tinyBuild has requested NIVAL to return all assets that belong to tinyBuild, including Product source code. NIVAL has refused and continues to refuse to deliver the Product intellectual property to tinyBuild.

46. tinyBuild is entitled to judgment that NIVAL has no rights to royalty payments under the terms of the Agreement.

47. The Agreement specifies that tinyBuild may take control of the development of the Product if NIVAL stopped developing the Product. The Agreement further specifies that in the event tinyBuild takes over development of the Product that NIVAL may receive royalties only if it developed the Product past the Beta Milestone.

FIRST AMENDED COMPLAINT - 7
CASE NO. 19-cv-00805 TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

48. NIVAL stopped developing the Product shortly after reaching the Alpha Milestone. NIVAL failed to cure its breach after notice from tinyBuild. tinyBuild therefore terminated the Agreement. At the time of termination, NIVAL had not submitted the Beta Milestone nor continued to develop the product past the Beta Milestone. NIVAL is thus not entitled to royalties from the Product, despite its claims to the contrary.

**FOURTH CAUSE OF ACTION – MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF THE WASHINGTON UNIFORM TRADE SECRET ACT AND THE FEDERAL DEFEND TRADE SECRET ACT
(AGAINST ALL DEFENDANTS)**

49. tinyBuild reincorporates the preceding paragraphs as if fully set forth herein.

50. Under the Agreement, all intellectual property rights in the Product are the property of tinyBuild.

51. The Agreement also prevents NIVAL from using tinyBuild's source code and other proprietary, non-public information for purposes unrelated to the Product and from disclosing such information to a third party in the absence of a legal duty or court order.

52. After tinyBuild terminated the Agreement in February 2019, NIVAL no longer had any right to access or use tinyBuild's source code. To the contrary, NIVAL was obligated to return the source code to tinyBuild.

53. Instead of returning tinyBuild's source code, NIVAL, at the direction and control of Sergey Orlovskiy, retained the source code for purposes of extracting additional funds from tinyBuild. On information and belief, NIVAL also retained tinyBuild's source code for purposes unrelated to the Product, including work for third parties.

54. As a result of Defendants' misconduct, tinyBuild has suffered damages in any amount to be proven at trial.

FIRST AMENDED COMPLAINT - 8
CASE NO. 19-cv-00805 TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## FIFTH CAUSE OF ACTION – CONVERSION
## (AGAINST ALL DEFENDANTS)

55. tinyBuild reincorporates the preceding paragraphs as if fully set forth herein.

56. Under the Agreement, all intellectual property rights in the Product, including source code, are the property of tinyBuild.

57. After terminating the Agreement, tinyBuild several times demanded that NIVAL return tinyBuild's source code.

58. NIVAL ignored tinyBuild's demands and, at the direction of Sergey Orlovskiy, willfully retained possession of tinyBuild's source code.

59. In retaining possession of tinyBuild's source code, NIVAL has willfully deprived tinyBuild of possession and use of its property.

60. As a result of Defendants' misconduct, tinyBuild has suffered damages in any amount to be proven at trial.

## IV. REQUEST FOR RELIEF

Based on the above, the plaintiff tinyBuild requests the following relief:

1. Judgment in favor of tinyBuild against NIVAL for all damages arising out of the parties' contract(s) in an amount to be proven at trial.

2. Judgement in favor of tinyBuild against all Defendants for all damages resulting from NIVAL's wrongful conduct, in any amount to be proven at trial.

3. A declaratory judgment that tinyBuild owns all rights in the Product, including the source code.

4. A declaratory judgment that NIVAL has no right to royalty payments under the parties' contract(s).

5. Preliminary and permanent injunctive relief preventing Defendants from using tinyBuild's source code and any other intellectual property associated with the Product.

6. Affirmative injunctive relief requiring Defendants to return tinyBuild's source code

FIRST AMENDED COMPLAINT - 9
CASE NO. 19-cv-00805 TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

and all other intellectual property associated with the Product.

7. For pre- and post-judgment interest at the rate provided by statute, contract, or other applicable law.

8. For attorneys' fees, costs, and expenses as provided by statute, contract, or other applicable law.

9. Such other relief deemed just and equitable.

DATED this 20th day of March, 2020.

Respectfully submitted,

SUMMIT LAW GROUP, PLLC
Attorneys for Plaintiff

By *s/ Diana Siri Breaux*
Diana Siri Breaux, WSBA #46112
dianab@summitlaw.com

4819-4338-9366, v. 5

FIRST AMENDED COMPLAINT - 10
CASE NO. 19-cv-00805 TSZ