UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TINYBUILD LLC,<br><br>                 Plaintiff,<br><br>     v.<br><br>NIVAL INTERNATIONAL LIMITED;<br>and SERGEY ORLOVSKIY,<br><br>                 Defendants. | C19-805 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)     Defendant Nival International Limited's motion for partial dismissal, docket no. 38, of plaintiff tinyBuild LLC's first amended complaint, docket no. 36, is DENIED in part and GRANTED in part, as follows:

    (a)     With respect to plaintiff's fourth cause of action for misappropriation of trade secrets, defendant's motion is DENIED; and

    (b)     With respect to plaintiff's fifth cause of action for conversion, defendant's motion is GRANTED.

On a motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court's inquiry is not whether plaintiff's cause of action has merit, but only whether plaintiff has pleaded a plausible claim. *See* <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007).  In seeking dismissal of plaintiff's misappropriation of trade secrets claim, defendant contends that (i) the source code at issue is not a trade secret because a written agreement did not explicitly require defendant to maintain secrecy, and (ii) defendant cannot be liable for misappropriation because it developed the source code and has not, to date,

MINUTE ORDER - 1

disclosed the source code to another entity.  These arguments are more properly reserved to a motion for summary judgment.  Plaintiff has provided adequate notice of a plausible claim for misappropriation of trade secrets by (i) identifying intellectual property that, under the terms of the parties' agreement, belongs to plaintiff and is of the type ordinarily treated as confidential, and (ii) alleging, on information and belief, that defendant has retained the source code for purposes unrelated to the parties' joint venture, including work for third parties.  Whether plaintiff can marshal sufficient evidence to present triable issues with respect to its misappropriation of trade secrets claim is a question for another day.

In contrast, plaintiff's claim for conversion is barred by the "independent duty" doctrine.  See *Harris v. U.S. BankCorp.*, 2019 WL 5536402 at *8 (W.D. Wash. Oct. 25, 2019) (citing *Eastwood v. Horse Harbor Found., Inc.*, 170 Wn.2d 380, 241 P.3d 1256 (2010)).  In this matter, any duty that defendant might have to relinquish the source code to plaintiff arises solely from the parties' contract, and in the absence of an independent tort duty, plaintiff may not pursue a conversion claim.  See *id.*  Moreover, plaintiff's claim for conversion is preempted by Washington's Uniform Trade Secrets Act.  See *Ill. Tool Works Inc. v. Seattle Safety LLC*, 2008 WL 11343004 at *2 (W.D. Wash. Dec. 17, 2008) (citing *Thola v. Henschell*, 140 Wn. App. 70, 82, 164 P.3d 524 (2007)).  Plaintiff does not assert that defendant has unlawful possession of property other than the source code, which plaintiff alleges is a trade secret, and thus, plaintiff's conversion claim has been displaced by the statute governing trade secrets.  See *id.*; see also RCW 19.108.900(1).  Plaintiff's fifth cause of action for conversion is DISMISSED with prejudice.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 18th day of May, 2020.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 2