The Honorable Thomas S. Zilly
NOTED: September 11, 2020

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TINYBUILD LLC, a Washington limited liability company,

    Plaintiff/Counterclaim Defendant,

v.

NIVAL INTERNATIONAL LIMITED, a Cypriot corporation,

    Defendant/Counterclaim Plaintiff,

and

SERGEY ORLOVSKIY,

    Defendant.

CASE NO. 2:19-cv-00805 TSZ

**PLAINTIFF'S OPPOSITION TO DEFENDANT NIVAL INTERNATIONAL LIMITED'S MOTION TO CONTINUE ALL DATES**

    Plaintiff/Counterclaim Defendant tinyBuild LLC ("tinyBuild"), through undersigned counsel, submits this opposition to the Motion to Continue all Dates filed by Defendant/Counterclaim Plaintiff Nival International Limited ("Nival"). As discussed herein, Nival does not satisfy its burden of establishing "good cause," as required by LCR 16(b)(6). Indeed, Nival made no effort whatsoever to pursue discovery during the 90-day extension previously granted by this Court, and Nival fails to provide any justification for either that failure or the further extension it seeks.

PLF'S OPPOSITION TO DEF'S MOTION TO
CONTINUE ALL DATES - 1
CASE NO. 19-cv-00805 TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## I.  BACKGROUND

By email dated April 22, 2020, Nival's counsel inquired whether tinyBuild would be amenable to a global extension of "all litigation dates," including the original discovery cut-off of June 1, 2020, given the limitations presented by the COVID-19 pandemic.  Declaration of Diana S. Breaux in Opposition to Motion to Continue all Dates ("Breaux Decl."), Ex. A.  On April 29, 2020, counsel conducted a meet and confer to discuss the length of Nival's proposed extension and the discovery that Nival hoped to accomplish during that period.  Breaux Decl., ¶ 3.  Counsel for tinyBuild proposed an extension of no more than 60 days and specifically suggested that depositions, if any, be conducted remotely, as has been the widely adopted practice during COVID-19.  *Id.*, ¶ 3. Counsel for Nival sought a longer extension, and the parties ultimately agreed to file a joint motion for a 90-day extension.  *See* Dkt. 49.  By Order dated May 29, 2020, this Court granted the parties' motion and entered an amended scheduling order, pursuant to which the discovery cutoff was extended through August 31, 2020.  Dkt. 50, at 2.

Nival took *no effort* to conduct any discovery during the pendency of this Court's previously granted extension.  Indeed, Plaintiff heard *nothing* from Nival until August 31, when counsel for Nival emailed counsel for tinyBuild to ask if tinyBuild would consent to this motion.  Breaux Decl., ¶¶ 4-5, Ex. B.  Had Nival noticed a deposition or sought to confer with tinyBuild about depositions prior to the discovery cutoff, counsel for tinyBuild would have cooperated to schedule and conduct remote depositions.  Counsel inferred from Nival's silence and inaction that it had elected not to conduct depositions.

A.  **Nival Fails to Establish Good Cause for a Further Extension of the Case Schedule**

This Court's local rules advise that "parties are bound by the dates specified in the scheduling order." LCR 16(b)(6).  The rule further provides that "[a] schedule may be modified only for ***good cause*** . . ."; and specifically admonishes parties that "[m]ere failure to complete

PLF'S OPPOSITION TO DEF'S MOTION TO
CONTINUE ALL DATES - 2
CASE NO. 19-cv-00805 TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

discovery within the time allowed does not constitute good cause for an extension or continuance." *Id.* (emphasis supplied).

The entirety of Nival's argument for an extension is that the COVID-19 pandemic has made travelling to depositions dangerous. Dkt. 51, at 2. Nival overlooks that, as tinyBuild advised during the parties' April 29 meet and confer, depositions can easily be conducted remotely. Indeed, counsel for tinyBuild has conducted several remote depositions – and also participated in remote court hearings and mediations – during the COVID-19 pandemic. Breaux Decl., ¶ 6. In short, Nival fails to provide justification for its failure to take any effort to conduct the discovery it needed during the pendency of the prior extension. Given the widely accepted practice of remote depositions, COVID-19 is not a sufficient justification for Nival's failure to advance its case.

## II.   CONCLUSION

Nival fails to establish good cause for the further extension it requests. The motion should be denied.

DATED this 9th day of September, 2020.

Respectfully submitted,

SUMMIT LAW GROUP, PLLC
Attorneys for Plaintiff

By *s/ Diana S. Breaux*
Diana S. Breaux, WSBA #46112
dianab@summitlaw.com
Hathaway Burden, WSBA #52970
hathawayb@summitlaw.com
315 5th Ave., Ste. 1000
Seattle, WA  98104
Tel: (206) 676-7000

PLF'S OPPOSITION TO DEF'S MOTION TO
CONTINUE ALL DATES - 3
CASE NO. 19-cv-00805 TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001